91 U.S. 206
 23 L.Ed. 302
 MITCHELL
v.
BOARD OF COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS.
 October Term, 1875
 
 ERROR to the Supreme Court or Kansas.
 THIS case presents the following facts: Mitchell, the plaintiff, kept his account with a banking firm in Leavenworth. On the 28th February, 1870, he had a balance to his credit of $19,350 in current funds, for which he that day gave his check, payable to himself in United States notes. They were paid to him. He immediately enclosed them in a sealed package, and placed them for safe keeping in the vault of the bank. On the 3d March he withdrew his package, and deposited the notes to his credit. This was done for the sole purpose of escaping taxation upon his money on deposit.
 Personal property in Kansas, which includes money on deposit, is listed for taxation as of March 1 in each year. Mitchell did not list any money on deposit. The taxing officers, in due time, on discovery of the facts, added $9,000 to his assessment on account of his money in bank. He asked the proper authorities to strike off this added assessment. This was refused. A tax was thereupon in due form levied, and its collection threatened.
 He then filed his bill in equity against the defendants, who are the proper authorities, to restrain the collection of this tax, alleging for cause, in substance, that as his bank balance had been converted into United States notes, and was held in that form on the day his property was to be listed, he could not be taxed on that account. The Supreme Court of Kansas, on appeal, dismissed the bill, for the reason, as appears by the opinion, which in this case is sent here as part of the record,—that 'a court of justice, sitting as a court of equity, will not lend its aid for the accomplishment of any such purpose.' Mitchell sued out a writ of error.
 Messrs. R. M. & Quinton Corwine and Mr. J. W. English for the plaintiff in error.
 The statute of Kansas imposing a tax on personal property provides that all property shall be listed as on the first day of March in each year. Its intent is to assess such property as is then liable to taxation. If there is none on that day, there is no right of taxation.
 The object of all taxation is to compel lawfully taxable property of every kind to contribute its just proportion of taxes. It must, however, on the proper day of assessment, have an actual bona fide existence as such, in order that the law of the State may reach it.
 The right of the plaintiff in error to withdraw his deposit and convert it into legal-tender notes is unquestionable. The money was his own, and he could invest it in United States bonds, legal-tender notes, mortgage-paper, or whatever securities he might elect.
 The question here is, not what was his motive in making the investment, but what was the character of that investment on the day of his tax return with respect to its liability or nonliability to pay taxes to the State.
 The facts show, that, on the day fixed by the statute for the assessment of the tax, the property of Mitchell consisted of notes of the United States. It was, therefore, exempt from taxation.
 The presumption is, that the bank listed its taxable property, including this money exchanged by Mitchell. If so, the same money has been twice assessed. Even upon the theory of the Supreme Court of Kansas, this assessment is manifestly unjust.
 No counsel appeared for the defendant in error.
 MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
 
 
 1
 We think the decision in this case was correct. United States notes are exempt from taxation by or under state or municipal authority; but a court of equity will not knowingly use its extraordinary powers to promote any such scheme as this plaintiff devised to escape his proportionate share of the burdens of taxation. His remedy, if he has any, is in a court of law.
 
 
 2
 The decree is affirmed.