VITAGRAPH CO. OF AMERICA v. TWENTIETH CENTURY OPTISCOPE
CO. et al.

(Circuit Court, N. D. Illinois, E. D.    December 11, 1907.)

No. 28,856.

CORPORATIONS—FOREIGN CORPORATIONS—RIGHT TO MAINTAIN SUIT IN FEDERAL
COURT.

The fact that a foreign corporation has done business in a state without complying with a state statute, which in such case subjects it to a fine, and provides that it shall not maintain any suit or action in any court of the state, but does not undertake to invalidate its contracts, does not preclude such corporation from maintaining a suit in a federal court within the state upon a cause of action arising under a federal statute, and, so far as appears from the pleadings, having no relation to its doing business in such state contrary to law.

In Equity.    On pleas.

Banning & Banning, for complainant.
Adolph Marks, for defendants.

KOHLSAAT, Circuit Judge.    This bill herein seeks to restrain infringement of complainant's copyright and trade-mark.    The cause is now before the court upon the sufficiency of pleas filed by the defendants, setting up the statute of Illinois requiring foreign corporations to take certain steps therein set out when they seek to transact business in the state, and alleging noncompliance on complainant's part with such statute, and consequent incapacity to sue.    The statute in question provides that, in case of failure to bring itself within the statute, the foreign corporation shall be subject to fine, and cannot "maintain any suit or action, either legal or equitable, in any of the courts of this state upon any demand, whether arising out of contract or tort."    It will be noted that the act does not undertake to invalidate any contract entered into with, or cause of action arising to, such foreign corporation, but only subjects the same to a fine and closes the state courts against any remedy.    In other words, it is only the remedy which is denied by the statute, which in terms limits the exclusion to the state courts, as indeed it must.

It is the settled law in the federal courts that a cause of action arising in a state, which, by statute, makes the same void, would as a general proposition be held void in the federal court.    Cooper Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; Diamond Glue Co. v. U. S. Glue Co. (C. C.) 103 Fed. 839; Diamond Glue Co. v. U. S. Glue Co., 187 U. S. 611, 23 Sup. Ct. 206, 47 L. Ed. 328.    It nowhere appears in the pleadings, however, that the cause of action herein in any manner grew out of, or was affected by, the alleged wrongful act of complainant in doing business in this state contrary to law.    This cause arises under the United States statute, and, so far as it applied to a copyright, is within the exclusive jurisdiction of the United States courts.    Plainly stated, the pleas are based upon the contention that, because complainant has failed to comply with a state statute denying the use of the state courts in such a case to it, therefore the federal courts may not be open to it.    The latter decide for them-

selves what matters they will entertain, and cannot abdicate to the state the power to so decide. In Columbia Wire Company v. Freeman Wire Company (C. C.) 71 Fed. 302, Judge Adams, speaking upon this question, says:

"It is sufficient to say, with regard to this contention, that whatever construction may be given to this law by the state courts in respect to suits coming within their exclusive jurisdiction, it cannot be made applicable to suits instituted in the federal courts without denying the jurisdiction conferred by Congress upon such courts."

In Groton Bridge Company v. American Bridge Company (C. C.) 151 Fed. 874, Judge Ray holds that a corporation having a good cause of action "may recover in any United States court having jurisdiction, in the very teeth of an express statute of the state saying it shall not."

For a full discussion of this question, see the opinion of the Circuit Court of Appeals for the Eighth Circuit in Butler Bros. Shoe Co. v. United States Rubber Company, 156 Fed. 1, and Dunlop v. Mercer, 156 Fed. 545.

It is, therefore, held that the pleas do not present a good defense, and that they are insufficient; and they are accordingly overruled.