**LEO FEIST, Inc., et al. v. DEMARIE.**

**No. 515.**

District Court, W. D. Louisiana, Lake Charles Division.

March 25, 1935.

J. S. Lucas, of New Orleans, La., for complainants.

T. Arthur Edwards, of Lake Charles, La., for respondent.

DAWKINS, District Judge.

Plaintiffs brought this suit for infringement of the copyrights to certain musical compositions. They alleged that the defendant performed or permitted to be performed the said compositions for profit in a certain place of "business entertainment, accommodation and refreshment, known as Blue Lake Dance Hall, in Calcasieu Parish, Louisiana," and prayed for the statutory damages of $250 for each of the two compositions alleged to have been performed. Defendant's answer was substantially a general denial.

The evidence shows that the defendant operated the place of business on a commission basis. It was a small roadhouse or dance hall, which operated for only a short while and the music was played by a string band composed of some three or four pieces. The proceeds were first to be applied to the payment of the musicians and the balance, if any, was to belong to defendant. Very little was realized.

The witnesses for the plaintiffs swore that the compositions were played or performed, while those for the defendant could not recall what music was played,

**827**

but stated they were mostly "French pieces." They denied that they recognized or had ever heard played the pieces complained of under those names. However, they could not recall what music was played, and I am compelled to find that the evidence preponderates in favor of the copyrights having been infringed, as the witnesses for the plaintiffs made notes at the time and testified positively to the performances. It was not necessary that the musicians should have had the music before them; the playing thereof by ear or otherwise for profit would constitute an infringement of the copyrights.

Defendant has pleaded in bar of the plaintiffs' right to recover Act No. 137 of the Regular Session of the Legislature of Louisiana for 1934, which reads as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That all persons, firms, corporations or associations, or the agents or representatives of any persons, firms, corporations or associations, who shall collect or attempt to collect or receive money or other valuable consideration for rights, royalties, rents or fees on copyrighted music books, recorded music for mechanical reproduction, or radio programs, from any person, firm, corporation or association using such copyrighted music books, recorded music for mechanical reproduction, or radio programs, within this State, shall pay a license fee. to each and every parish of this State wherein such royalties, rents or fees are collected, or attempted to be collected, in the sum of Five Thousand ($5,000.00) Dollars. * * *

"Section 3. Any person, firm, corporation, partnership or association, or the agents or representatives of any person, firm, corporation or association, who shall violate any of the provisions of this Act, shall be deemed guilty of a misdemeanor, and each violation shall be punishable by a fine of not more than Two Thousand ($2,000.00) Dollars, and imprisonment for not more than one year in the parish jail, or both, at the discretion of the Court."

It is argued by defendant that the plaintiffs must show a compliance with this statute before they can be permitted to recover in a suit of this kind. However,

there is nothing in the act which expressly requires such prior payment. It simply says that whoever "shall collect or attempt to collect or receive money or other valuable consideration for rights, royalties or rents or fees on copyrighted music books, recorded music for mechanical reproduction or radio programs from any persons, firm, corporation, or association, using such copyrighted" productions, shall pay a license fee, and that any one violating the act shall be punished as therein provided.

Without finding it necessary to consider the question of constitutionality, it is easy to see that this is not an action for "royalties, rents or fees" and the use of the word "rights" must be treated as falling within the same category as royalties, etc., under the doctrine of ejusdem generis. As above stated, the action is one for the violation of a copyright granted by the federal government, and it will not be assumed that the Legislature meant to deny a litigant the right to go into a federal court for the protection of the property right granted by federal laws except upon conditions prescribed by the state Legislature, in the absence of clear language indicating such purpose. Had the plaintiffs sought to exact the payment of royalties or rentals as a condition of permitting performance of the copyrighted compositions, or demanded rentals therefor as such, then the case might fall within the language of the statute, except for the fact that it applies where such demands are made "on copyrighted music books, recorded music for mechanical reproduction, or radio programs," none of which are involved in this instance. The demand is, as stated, "for damages for infringement of the copyright, as distinguished from any royalty on music books or recorded music."

I am also of the opinion that the statute cannot apply to this case, which was filed in 1933, long before the act of the Legislature was passed, for it will not be presumed that it was intended to operate retroactively.

For the reasons assigned, the plaintiff should recover judgment as prayed for. Proper decree should be presented.