**LEO FEIST, Inc., v. YOUNG.**
No. 8287.

Circuit Court of Appeals, Seventh Circuit.
Dec. 3, 1943.

E. S. Hartman, of Chicago, Ill., Louis D. Frohlich, of New York City, and Robt. A. Hess, of Milwaukee, Wis., for appellant.

Wm. B. Rubin, of Milwaukee, Wis., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, the copyright proprietor of a musical composition entitled "The Waltz You Saved For Me," sought an injunction and damages against defendant for infringing its copyright under the Copyright Act, 17 U.S.C.A. § 25. The District Court, after a trial upon the merits, entered a decree dismissing plaintiff's complaint. To reverse the decree, plaintiff appeals.

Plaintiff is a music publisher, having its principal place of business in New York City, and is a member of the American Society of Composers, Authors, and Publishers (hereinafter referred to as "ASCAP"). There was a contract between plaintiff and ASCAP whereby the non-dramatic public performing rights in the instant composition were vested in ASCAP. ASCAP undertook to protect the public performing rights from unlawful appropriation and was also authorized to license its rendition to those desiring to use it in public performances for profit. Defendant operates a place of public entertainment known as "The Allis House" in West Allis, Wisconsin, where music is provided for the entertainment of patrons and otherwise to promote defendant's operations and for the profit of defendant. During a period of several months prior to the institution of suit, various inspections of defendant's operations were made, disclosing that defendant had infringed and was infringing plaintiff's copyright by giving public performances of its musical composition for profit. Thereupon a communication was addressed to him calling his attention to the infringement and suggesting that he obtain a license to render plaintiff's composition. Thus he was fully informed that failure to do so would bring infringement proceedings.

Defendant concedes that he infringed plaintiff's copyright, but contends, and the District Court adopted his contention, that because plaintiff failed to comply with the provisions of a certain Wisconsin statute[1] (hereinafter referred to as the "Wisconsin statute"), it was deprived of its right to maintain this suit. The statute, which is captioned "Music brokers," provides that no person, association or corporation other than the "true or original composer" shall directly or indirectly issue licenses or other agreements for the public rendition of copyrighted musical numbers by persons within Wisconsin, unless said person, association or corporation shall first obtain a license from the Secretary of State to transact such business; that any applicant desiring such license, shall file with the Secretary of State certain information, and at the time of the filing shall pay a franchise tax equivalent to twenty-five per cent of his or its gross receipts from persons within Wisconsin for or on account of licenses or other agreements for the public rendition of copyrighted musical numbers within Wisconsin for the preceding year. The license is required to be renewed annually, and the Secretary of State, acting solely as a ministerial officer, is required to issue the license upon compliance with the foregoing provisions.

The statute further provides that those who shall, without first obtaining a license, "attempt, by threats of suit, or other means, * * * to compel persons in this state to purchase licenses for the rendition of musical numbers * * *" shall be

---

[1] See footnote 1 in 46 F.Supp. 622, 626. A new section was added in 1941, as follows:

"(8) The secretary of state shall enforce the provisions of this section to the end that all persons, firms and corporations affected by this section shall secure the required licenses and otherwise comply with its provisions. The secretary of state on his own initiative or upon complaint may investigate suspected or reported violations of this section and shall report the facts in connection therewith to the proper enforcement officers for prosecution." Wis. Stat.1941, § 177.01, p. 1994.

guilty of a misdemeanor. The penalty is restricted to such an infraction. No penalty is provided for issuing licenses without having complied with the statute; neither is there any provision in the statute making contracts void or barring access to the courts by those who have failed to comply with the statute.

One further provision of the statute is that no one shall act as an investigator of the rendition of copyrighted music without paying an annual license fee of $20.

Plaintiff concedes that neither it nor ASCAP qualified to do business under the statute, and it does not contest the District Court's finding that ASCAP was the agent of plaintiff.

Since plaintiff is not the true and original composer, and violation of the statute is conceded, the only issue we must decide is whether plaintiff's failure to comply with the statute deprived it of its right to maintain a suit for infringement.

The Copyright Act gives the federal District Courts jurisdiction and prescribes the venue of actions for infringement of copyright, and provides certain remedies for its violation. 17 U.S.C.A. §§ 25, 34, 35.

▇▇▇ In answer to defendant's contention that plaintiff may not maintain this action because it is not the real party in interest, we think the Copyright Act gives the right to sue for infringement to the copyright proprietor, 17 U.S.C.A. § 25, and since plaintiff is the proprietor, it may sue. M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470, 474, 475, affirmed 4 Cir., 2 F.2d 1020; cf. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 40, 43 S.Ct. 254, 67 L.Ed. 516. Even if the Copyright Act did not provide that such actions may be brought by the copyright proprietor, plaintiff is the principal and ASCAP is the agent so that under elementary principles, in an action against a stranger, the principal is the proper party plaintiff.

▇▇▇ The trial judge was of the opinion that plaintiff came into court with unclean hands because it had not complied with the Wisconsin statute. Thus, in effect, compliance with that statute was made a condition precedent to the institution of suit under the Federal Copyright Act. We do not believe that the Wisconsin statute should be permitted to prohibit the bringing of a federal suit. The Fed-

eral Copyright Act lays down a prohibition against the appropriation of the proprietor's copyrighted composition unless consent is given. And it is familiar doctrine that the prohibition of a federal statute may not be set at naught by a state statute. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 176, 63 S.Ct. 172, 87 L.Ed. ——. Therefore, since a right would not long be respected if it could be violated with impunity, the remedy of an infringement action in the federal courts must still be open to plaintiff. Correlatively, the benefits of a federal statute may not be denied by a state statute, Sola Electric Co. v. Jefferson Electric Co., supra; see Orlando Candy Co. v. New Hampshire Fire Ins. Co., D.C., 51 F.2d 392, 393.

In bringing its infringement action, the plaintiff was following the course of conduct prescribed by the federal statute, and thus was seeking to enforce its rights in a wholly legal manner. As the court said in Leo Feist, Inc. v. Demarie, D.C., 16 F. Supp. 827, where a Louisiana statute was under consideration and non-compliance with that law by the plaintiff was pleaded as a defense, " * * * the action is one for the violation of a copyright granted by the federal government, and it will not be assumed that the Legislature meant to deny a litigant the right to go into a federal court for the protection of the property right granted by federal laws except upon conditions prescribed by the state Legislature, in the absence of clear language indicating such purpose." 16 F. Supp. at page 828.

Here, there is no language indicating a purpose to deprive plaintiff of its federal rights.

▇▇ By refusing to grant plaintiff's prayer, the District Court not only deprived plaintiff of its copyright, but in effect gave judicial blessing to defendant's confiscation of it. Since equity seeks above all else to do justice, we cannot agree that a court should supinely sit by while such unlawful appropriation occurs. It is an elementary maxim of equity jurisprudence that there is no wrong without a remedy, and certainly plaintiff chose the proper forum and followed the statutorily prescribed procedure by which to assert that remedy. The District Court stated that a court of equity "will not permit itself to be used as an instrumentality by which a party may effectuate a violation of positive law or for the evasion of the re-

quirements of ethics and morality,"[2] citing many authorities therefor.[3] But by the court's inaction, defendant's violation of the copyright statute was sanctioned and the unethical appropriation was approved. The authorities cited by the District Court are not controlling here because the conduct of the plaintiff in them was fraudulent and directly connected with the issues being litigated, whereas here plaintiff has not been guilty of any inequity, unconscionable act, or wrongdoing towards the defendant. Neither has it misrepresented its musical work, which forms the basis of this action, or the copyright thereof, either to the defendant, or to the public.

In our view, a rule of equity should never be applied if its application results in injustice, which would result here if plaintiff were not allowed to enforce its congressionally bestowed right to prevent unauthorized use of its copyright. True, plaintiff failed to comply with the Wisconsin statute. But the rule is not inexorable that a plaintiff who comes into court with unclean hands is always to be denied relief, regardless of other circumstances in the case; for, if the defendant has been guilty of conduct more unconscionable and unworthy than that of the plaintiff, the rule may be relaxed. Goodyear Tire & Rubber Co. v. Overman Cushion Tire Co., 6 Cir., 95 F.2d 978, 983.

In our case, plaintiff has a valid copyright, and under general equitable principles and the Copyright Act it is entitled to protection against infringement. Defendant infringed plaintiff's copyright after repeatedly being informed that he had no right to do so, and no excuse is now[4] offered for such unconscionable illegal conduct. Although plaintiff has not "led a blameless life" if the Wisconsin statute is constitutional, its refusal to comply with the statute has at least some color of jus-

tification by virtue of its belief that the statute is unconstitutional. And plaintiff further asserts as foundation for its belief the fact that no attempt has been made by the proper Wisconsin officials to collect the franchise tax or enforce the other statutory provisions.

Since infringement is a tort, Browne Music Co. v. Fowler, 2 Cir., 290 F. 751, 754; Dreamland Ball Room v. Shapiro, Bernstein & Co., 7 Cir., 36 F.2d 354, 355; Buck v. Crescent Gardens Operating Co., D.C., 28 F.Supp. 576, 578, the instant action is ex delicto, and failure to comply with a state licensing statute does not bar recovery in an ex delicto action. Vitagraph Co. v. Twentieth Century Optiscope Co., C.C., 157 F. 699; Buckingham Radio Corp. v. Persion Furniture Co., 191 Wis. 391, 394, 211 N.W. 269; Johnson v. City of St. Louis, 8 Cir., 172 F. 31, 41, 18 Ann.Cas. 949; Sterling Products Corp. v. Sterling Products, D.C., 43 F.Supp. 548. We do not think that plaintiff's failure to obtain a license to do business in Wisconsin placed it outside the protection of the law so that a resident of Wisconsin could take its property without any legal right to do so. To so hold would be to sanction the confiscation of the plaintiff's property.

Although he cited the well-settled rule that the motive which impels a litigant to seek the court's assistance is not important so long as the litigant has a legal and moral right upon which to sue, Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679, the trial judge found something objectionable in the fact that the prime objective of plaintiff's action was to enable ASCAP to force the defendant in Wisconsin to sign a license agreement with ASCAP so as to maintain the respect for rights given by the copyright law. We see nothing objectionable in such motive, for it is the only way in

---

[2] Feist v. Young, D.C., 46 F.Supp. 622, 628.

[3] Mitchell v. Board of Commissioners of Leavenworth County, 91 U.S. 206, 208, 23 L.Ed. 302; Bell & Howell Co. v. Bliss, 7 Cir., 262 F. 131, 134; Memphis Keeley Institute v. Keeley, 6 Cir., 155 F. 964, 16 L.R.A.,N.S., 921; Weeghman v. Killifer, 6 Cir., 215 F. 289, L.R.A.1915A, 820; Larscheid v. Kittell, 142 Wis. 172, 125 N.W. 442, 20 Ann.Cas. 576; Worden v. California Fig Syrup Co., 187 U.S. 516, 519, 23 S.Ct. 161, 47 L.Ed. 282; California Fig Syrup Co. v. Stearns, 6 Cir., 73 F. 812, 817, 33 L.R.A. 56.

[4] Defendant contended before the District Court that his violation was justified because if he had complied with the Federal Copyright Law he would have violated a state conspiracy statute by conspiring with ASCAP to defraud Wisconsin of its franchise tax. The District Court said of this contention: "I cannot accept this contention. It is inconceivable to me that the court should hold that a person is justified in violating a Federal statute because of fear that if he complies with it he will violate a State statute." We heartily agree with the District Court on this point.

which the copyright owner's rights could be protected. It has long been the policy of the federal courts to encourage adjustment of controversies arising under the copyright statute without litigation, and a license agreement is a fitting method of adjustment. Consequently, calling to the attention of an infringer the fact that he is unlawfully appropriating its property and that unless he desists or obtains proper authorization for its use suit will be instituted, is permissible. The Wisconsin statute is not to be interpreted as precluding enforcement of rights bestowed by federal law in the federal court. This is not to say that plaintiff may not be held responsible to the State of Wisconsin for violation of its duly enacted statute. But the statute is not relevant or material to the issue as presented by the complaint. The complaint charges infringement, and since infringement is admitted, relief should be granted.

▆▆▆▆ The instant case is somewhat similar to Bentley v. Tibbals, 2 Cir., 223 F. 247, which was an action for copyright infringement. The defense of "unclean hands" was predicated upon the admitted fact that plaintiff had imported his English publication in violation of an Act of Congress requiring foreign works copyrighted in the United States to be printed here. The violation of such provision was made a penal offense. In disposing of this defense, the court said: "It is not sufficient to debar a suitor for relief that he has committed an unlawful act, unless that unlawful act affects the matter in litigation. The offense which Bentley committed in wrongfully importing the work was not a wrong done to this defendant, or one which in any wise prejudiced him. It was an offense committed against the United States, and one of which it alone could take cognizance." 223 F. at page 252.

Compare, also, Finchley, Inc., v. Finchley Co., D.C., 40 F.2d 736, 739. So here, plaintiff's failure to secure a license was an offense against Wisconsin of which it alone could take cognizance; and plaintiff's dereliction in this regard in no wise prejudiced the defendant or justified him in confiscating plaintiff's property. We think the clean hands maxim should be applied only where it promotes right and justice, not by way of punishment for extraneous transgressions. See Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S.Ct. 146, 78 L.Ed. 293; Ohio Oil Co. v. Sharp, 10 Cir., 135 F.2d 303, 307; Chicago v. Union Stock Yards & Transit Co., 164 Ill. 224, 238, 45 N.E. 430, 35 L.R.A. 281.

▆▆▆▆ In reaching our conclusion we have not overlooked the fact that the Supreme Court has recently stated that courts of equity may appropriately withhold their aid where the plaintiff is using the right asserted contrary to the public interest, Morton Salt Co. v. Suppiger, 314 U.S. 488, 492, 62 S.Ct. 402, 86 L.Ed. 363, or the many cases which hold that equity will not aid a law violator,[5] or the fact that the maxim is applied, not to favor a defendant, but because of the interest of the public.[6] But in most of these authorities the plaintiff was seeking to extend the scope of his lawful patent monopoly beyond the scope of the grant or was seeking equity's aid against the very statute which he had violated. Thus the illegal action, which warranted the application of the clean hands doctrine to preclude relief, was inextricably intermingled and connected with the cause of action or at least directly related to it, whereas here the violation of the Wisconsin statute was collateral to the cause of action and certainly not directly related to it. Since the right against unauthorized rendition was expressly conferred on plaintiff by Congress through its copyright, its vindication can not be said to be inimical to the public welfare.[7] To induce denial of relief under the clean hands doctrine, the plaintiff's conduct must be such that the prosecution of its rights will of itself involve the protection of the wrongdoing. We are not approving plaintiff's noncompliance with the Wisconsin statute, and we think Wisconsin may hold plaintiff accountable for the tax required by the statute as well as punishing it for not obtaining the required licenses. But orderly administration of justice requires that, on issues properly framed, the question be relegated for determination to the Wisconsin courts.

---

[5] For example, see Carolene Products Co. v. Evaporated Milk Ass'n, 7 Cir., 93 F.2d 202, and Whittington v. Smith, D.C., 16 F.Supp. 448.

[6] Bell & Howell Co. v. Bliss, 7 Cir., 262 F. 131, 135; General Electric Co. v. Hygrade Sylvania Corp., D.C., 45 F.Supp. 714, 718.

[7] Hence Maltz v. Sax, 7 Cir., 134 F.2d 2, 5, is not controlling.

Nothing we have said in any part of this opinion is to be interpreted as intimating our views on the constitutionality of the Wisconsin statute here under consideration. The Wisconsin Supreme Court has never passed upon the statute now before us; and it is highly desirable that that court should have the opportunity to construe the meaning of this statute. Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416. If the State of Wisconsin brings an action for violation of the statute against the present plaintiff, or its agent ASCAP, the question of constitutionality will no doubt be considered. It seems to us that such an action should be promptly brought.

For the reasons above set forth, the judgment of the District Court is reversed and the cause remanded for further proceedings in conformity with this opinion.