The Honorable Wallace E. Orr Secretary Department of Labor and Employment Security The Berkeley Building Suite 206 2590 Executive Center Circle, East Tallahassee, Florida 32301
Dear Secretary Orr:
This is in response to your request for an opinion on substantially the following questions:
 1. WHETHER CERTAIN SAFETY PLANS SUBMITTED BY A PRIVATE SAFETY ENGINEERING FIRM ON BEHALF OF ITS CLIENTS PURSUANT TO s 440.56, F.S., ARE PROTECTED UNDER THE FEDERAL COPYRIGHT LAW?
 2. ASSUMING THE SAFETY PLANS SUBMITTED PURSUANT TO s 440.56, F.S., ARE PROTECTED UNDER THE FEDERAL COPYRIGHT LAW, WHAT IS THE DEPARTMENT'S DUTY REGARDING PUBLIC ACCESS TO THESE PLANS IN VIEW OF CH. 119, F.S.?
 3. ASSUMING THE SAFETY PLANS SUBMITTED PURSUANT TO s 440.56, F.S., ARE NOT PROTECTED BY THE FEDERAL COPYRIGHT LAW, ARE THE SAFETY PLANS SUBJECT TO PUBLIC INSPECTION UNDER CH. 119, F.S., IN VIEW OF THE COMPANY'S NOTICE OF RESTRICTION AND RESERVATION OF RIGHTS IN THE SAFETY PROGRAM AND MANUAL?
Question One
Pursuant to s 440.56, F.S., the Department of Labor and Employment Security, Division of Workers' Compensation has promulgated Rule 38F-44.13 requiring each insurance carrier, self-insurance fund and self-insurer to submit an annual report on its safety program and consultive activities. Due to the fact that these reports of safety plans or programs are expensive to produce, valuable, and thereby susceptible to plagiarism, one safety engineering consultant firm which prepared the plans on behalf of a self-insurers' fund subject to the above rule, has attempted to restrict their use through a notice of this restriction on the title page as well as a reservation of ownership of the plans and all rights therein. The face of the safety program manual states that the copy is the property of the safety engineering consultant firm and that additional copies thereof may be obtained at a cost of $125.00 per manual. You included in your opinion request a copy of the title page and the reservation of rights form and ask that this office determine whether the same are sufficient to establish federal copyright protection in the work. The determination of this question is governed exclusively by federal law, particularly Title 17, U.S.C. § 101, et seq., and is within the exclusive jurisdiction of the federal courts. See 17 U.S.C. ss 106 and 301;28 U.S.C. § 1338. Therefore, I am unable to render an opinion on your first question.
Question Two
For the purposes of responding to your second question, said question has been rephrased to assume that the safety plans or manual submitted on behalf of a self-insurers' fund by a safety engineering consultant firm pursuant to s 440.56, F.S., is protected by the federal copyright law. Based upon this assumption you inquire what your department's duty is regarding public access to these safety plans in view of the Public Records Law, Chapter 119, F.S.
Florida's Public Records Law, Ch. 119, F.S., requires that all public records made or received pursuant to law or ordinance or inconnection with the transaction of official business by any publicagency or any other public or private agency or person or entity acting on behalf of any public agency must be open for personal inspection by any person. See, ss 119.01, 119.011(1) and (2) and119.07(1)(a), F.S. It is clear that the Department of Labor and Employment Security, Division of Workers' Compensation as the state agency charged with the duty to investigate and prescribe what safety devices, safeguards or other means of protection shall be adopted for the prevention of accidents and the prevention of industrial or occupational diseases in every employment or place of employment ( see, s 440.56[2][a], F.S.), in addition to receiving and approving all safety programs submitted pursuant to s 440.56(4), F.S., is a public agency within the scope of s119.011(2), F.S., and the safety plans or manual when received by the Department of Labor and Employment Security Division of Workers' Compensation pursuant to s 440.56 in connection with the transaction of official business is a public record within the purview of s 119.011(1), F.S., and is subject to the terms of the Public Records Law, Ch. 119, F.S.
The Public Records Law exempts from public disclosure only those records which are presently provided by law to be confidential or which are prohibited from being inspected by the public by general or special law. See, s 119.07(3)(a), F.S.; Wait v. Florida Power 
Light Co., 372 So.2d 420 (Fla. 1979). Thus, records made or received by a public agency in connection with its official duties or the transaction of its official business will be confidential or exempt from public inspection only if there is a specific statutory exemption or a statute which makes the material confidential and a public agency must permit access to such records until such time the State Legislature deems it proper to create an exception to the Public Records Law for such material. Since there is no specific statutory exemption or statute which makes the safety plans or manuals submitted pursuant to s 440.56, F.S., confidential, it is my opinion that the department must permit the public access to the materials at issue herein pursuant to s 119.07(1)(a), F.S. However, when dealing with material afforded federal copyright protection, I am of the view there is an important distinction to be drawn between the custodian of public records permitting access to the records for public inspection or examination and the custodian reproducing ordistributing copies of the records for or to the public or permitting the copying of the records by the public.
The federal copyright law vests in the owner of a copyright, subject to certain limitations, the exclusive rights to do or toauthorize, among other things, the reproduction of the copyrightedwork in copies and the distribution of the copyrighted work to the public by sale or other transfer of ownership. See,17 U.S.C. § 106.Anyone who violates any of the exclusive rights of the copyright owner is an infringer and the owner of the exclusive right under a copyright is entitled to institute an action for infringement. See, 17 U.S.C. § 501(a) and (b). Thus, the unauthorized reproduction of copyrighted work in copies constitutes an infringement of such copyright and copyright infringement is a tort and all persons concerned therein are jointly and severally liable as joint tortfeasors. Feist v. Young,138 F.2d 972 (7th Cir., 1943); Ted Browne Music Co. v. Fowler,290 F. 751 (2d Cir., 1923); 18 Am. Jur.2d Copyright s 98. In addition, s 768.28 F.S., to the extent specified therein, waives the state's immunity for liability for torts for itself, its agencies and its officers and employees. See also, Mills Music, Inc. v. State of Arizona, 591 F.2d 1278 (9th Cir., 1979), holding that suits are authorized against states for infringement of the exclusive rights of a copyright holder under the federal copyright act.
Where a federal statute expressly preempts a field and operates to bar specified acts or conduct as does the federal copyright law, the Supremacy Clause of the United States Constitution, s 2, Art.VI, U.S. Const., makes the federal law prevail and exclusively control and regulate such matters. See, 17 U.S.C. § 301. Consequently, the state is prohibited from enacting or enforcing any state law or regulation which conflicts or interferes with, curtails or impairs, the operation of the supreme federal law; thus the state law may not operate to authorize or permit that which the federal law proscribes, i.e., in this instance, the unauthorized reproduction of copyrighted work in copies and the unauthorized distribution of copies of the copyrighted work to the public. Until a federal court determines otherwise on this precise question, I am of the opinion that to the extent the provisions of s 440.56, F.S., Rule 38F-44.13, F.A.C., and Ch. 119, F.S., read together, may operate to impair or coerce the divestment of any rights granted or protected under the preemptive federal copyright law, or authorize or permit the reproduction or copying of any copyrighted work or the distribution thereof to the public, there exists a conflict with the preemptive federal copyright law and under such circumstances, your department should not reproduce or copy the records in question or permit the reproduction or copying thereof or distribute copies of the copyrighted work to the public without the express authorization of the copyright owner.
However, as previously stated, I am inclined to draw a distinction between the custodian of public records reproducing or permitting reproduction, furnishing, or distributing copies of copyrighted work and the custodian merely permitting public access to the records solely for inspection and examination purposes. This office has adopted a general policy or position that non-disclosure of records which would otherwise be public under our state law may be effected only when there is an absolute conflict between state and federal disclosure provisions. See, AGO 080-31. For the purpose of this opinion, I apprehend that when the safety engineering consultant firm filed the safety program manual in question with the Division of Workers' Compensation as required by statute, a qualified or special ownership of that safety program manual vested in the state agency for the limited uses and purposes of s 440.56, F.S. With the state agency having acquired such ownership for such purposes, I am of the opinion, until a federal court determines to the contrary, that 17 U.S.C. § 109(b) is applicable. That federal statutory provision grants to the owner of a particular copy, the right to display that copypublicly to viewers present at the place where the copy is located without the authority of the copyright owners. ( See also,17 U.S.C. § 101, which provides that a public display of a work does not of itself constitute `publication.') Thus, as to public inspection, s 440.56, F.S., Rule 38F-44.13, F.A.C., and Ch. 119, F.S., when read together and as applied under these circumstances to the safety program manual in question, do not conflict with the federal copyright law or operate to impair or interfere with any rights granted or protected by the copyright law, nor do they compel or effect a divestment of rights protected and enforced by federal law when the public is permitted access to the safety plan manual for examination and inspection purposes only.
Question Three
Your next question assumes that federal copyright protection is not applicable, and asks whether the private safety engineering firm's notice of restriction and reservation of rights in the safety plans or manual are sufficient to preclude public inspection under Ch. 119, F.S. As previously stated, the Public Records Law exempts from public disclosure only those records that are provided by statutory law to be confidential or which are expressly exempted from disclosure or inspection by general or special law. Since no such staturory provision exists in reference to the subject matter of your inquiry, it is my opinion that the safety plans are subject to public inspection pursuant to Ch. 119, F.S., in spite of the company's notice of restriction and reservation of rights. Cf., AGO 071-394 (application for district school superintendent and report received by district school board in connection with such application are open to public inspection even when they are marked `confidential' or `return to sender' by the sender and may not be held in confidence by the school board); and AGO 077-48 (state or local agency or official is not empowered to promise an applicant for position of department head that his application will be kept confidential or otherwise be exempted from the operation of s 119.01 and s 119.07[1], F.S.; neither a public employer nor a duly executed collective bargaining agreement between a public employer and its employees may validly make the personnel records of public employees confidential or except the same from s 119.07[1], F.S.).
In summary, the question whether federal copyright protection subsists in a particular work is governed exclusively by federal law and is within the exclusive jurisdiction of the federal courts involving the construction of federal law. This office is therefore without the authority to make such a determination. Assuming for the purpose of this opinion that federal copyright protection does exist, copyrighted work made or received by a public agency in connection with its official duties or the transaction of its official business constitutes a public record within the purview of the Public Records Law, Ch. 119, F.S., and in the absence of a specific statutory exemption or statute which makes the material confidential or absolute conflict with preemptive federal law on the subject, the public agency must permit access to such records for the purposes of inspection and examination pursuant to s 119.07(1)(a), F.S. The public agency should not, however, reproduce or distribute, or permit the reproduction or distribution of copies of the copyrighted work to the public since such rights lie exclusively with the copyright owner, since such rights lie exclusively with the copyright owner, with certain statutory limitations, pursuant to the preemptive federal copyright law which is supreme and controls over state law to the extent of any conflict. Thus, with regard to reproducing, copying, and distributing copies of records protected under the federal copyright law, our Public Records Law must yield to the federal law on the subject to the extent of any conflict between Florida law and the federal statute. In short, agencies should not reproduce, or permit the reproduction of, or distribute copies of copyrighted work to the public but may permit the public access to copyrighted work in their possession for examination and inspection purposes only.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General