CASS COUNTY MUSIC COMPANY,
et al., Plaintiff,

v.

I.G.L. RACQUET CLUB, INC. and
Lawrence Stoller, Defendants.

No. C 86–4228.

United States District Court,
N.D. Iowa, W.D.

Feb. 25, 1987.

Robert G. Riley, Des Moines, Iowa, for plaintiff.

Larry A. Stoller, Spirit Lake, Iowa, for defendants.

ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter is before the Court on defendants' motion to dismiss. After careful consideration of the parties' briefs, the Court denies defendants' motion.

Plaintiffs are music companies who own copyrights to various musical compositions. They have brought this copyright infringement action against the I.G.L. Racquet Club and Lawrence Stoller, alleging that they infringed the copyrights in various songs by giving public performances of these compositions on their premises. The complaint states that defendants' predecessor in interest, Michaels of Okoboji, Inc., obtained a license agreement from the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all plaintiffs are members. The license agreement authorized public performance of all of the copyrighted musical compositions in the ASCAP repertory. Michaels of Okoboji, Inc. agreed to pay license fees to AS-CAP.

The license expired on December 31, 1983. Defendants did not renew the license and held unauthorized performances of thirteen copyrighted musical compositions on which this action is based.

Defendants argue that the music companies are not the real parties in interest as required under Fed.R.Civ.P. 17. Defendants concede that the individual plaintiffs are the holders of the copyrights to the musical compositions at issue, but contend that the true plaintiff is the ASCAP. Defendants request this Court to order the plaintiffs to join or substitute ASCAP as the real party in interest or dismiss this action.

Title 17, United States Code, Section 501(b), entitles the owner of a copyright to "institute an action for an infringement of that particular right committed while he or she is the owner of it." The Court is not convinced by defendants' argument that because plaintiffs are members of ASCAP, ASCAP is the real party in interest. AS-CAP is not the legal owner of the copy-

rights allegedly infringed, but has only been granted nonexclusive rights to license nondramatic performances.

In *Broadcast Music v. CBS*, 441 U.S. 1, 99 S.Ct. 1551, 60 L.Ed.2d 1 (1978), the Supreme Court discussed the formation and purpose of ASCAP:

Since 1897, the copyright laws have vested in the owner of a copyrighted musical composition the exclusive right to perform the work publicly for profit, but the legal right is not self-enforcing. In 1914, Victor Herbert and a handful of other composers organized ASCAP because those who performed copyrighted music for profit were so numerous and widespread, and most performances so fleeting, that as a practical matter it was impossible for the many individual copyright owners to negotiate with and license the users and to detect unauthorized uses. "ASCAP was organized as a 'clearinghouse' for copyright owners and users to solve these problems" associated with the licensing of music. 400 F.Supp. 737, 741 (S.D.N.Y.1975). As ASCAP operates today, its 22,000 members grant it nonexclusive rights to license nondramatic performances of their works, and ASCAP issues licenses and distributes royalties to copyright owners in accordance with a schedule reflecting the nature and amount of the use of their music and other factors.

*Id.* at 4–5, 99 S.Ct. at 1554–55 (footnotes and citations omitted). Thus, as ASCAP has only nonexclusive rights to license nondramatic performances, it is not the real party in interest because it is not the legal owner of an exclusive right under the copyright statute. At least three other courts have addressed the issue of whether ASCAP is a real party in interest. All have held contrary to defendants' position. *Widenski v. Shapiro, Bernstein & Co.*, 147 F.2d 909, 910–11 (1st Cir.1945); *Leo Feist, Inc. v. Young*, 138 F.2d 972, 974 (7th Cir. 1943); *Dorchester Music Corp. v. National Broadcasting Co.*, 171 F.Supp. 580, 589 (S.D.Cal.1959). In *Leo Feist, Inc., supra*, the court stated that:

In answer to defendants' contention that plaintiff may not maintain this action because it is not the real party in interest, we think the Copyright Act gives the right to sue for infringement to the copyright proprietor, and since plaintiff is the proprietor, it may sue. Even if the Copyright Act did not provide that such actions may be brought by the copyright proprietor, plaintiff is the principal and ASCAP is the agent so that under elementary principles, in an action against a stranger, the principal is the proper party plaintiff.

*Leo Feist, Inc.*, 138 F.2d at 974. Therefore, based on the foregoing authorities, the Court finds that the plaintiffs are the real parties in interest and that this action should not be dismissed merely because ASCAP is not a party.

IT IS THEREFORE ORDERED that defendants' motion to dismiss is hereby denied.