Ms. Sandra J. Augustine County Attorney Charlotte County 18500 Murdock Circle Port Charlotte, Florida 33948-1094
Attention: Charles H. Webb Assistant County Attorney
Dear Ms. Augustine:
You have asked for my opinion on substantially the following question:
Is copyrighted computer software which is licensed by a county from a private company and used for compiling county data a public record subject to the requirements of s. 119.07(1)(a), F.S.?
In sum:
Pursuant to the provisions of s. 119.07(3)(r), F.S., and the federal copyright law, the computer software in question is a public record which must be made available to the public for examination and inspection purposes only. The unauthorized reproduction and the unauthorized distribution of copies of such copyrighted software to the public would be prohibited.
According to information provided to this office it appears that Charlotte County has recently entered into licensing negotiations with a corporation to secure data processing software. The software itself is copyrighted material which was not specifically created or designed for the county. The company which holds the copyright on this material seeks to protect the confidentiality of the operating manuals for the computer software and the confidentiality of the software itself. There is no question that the material which the software will be used to produce is a public record itself. Florida's Public Records Law, Ch. 119, F.S., requires that all public records made or received pursuant to law or in connection with the transaction of official business by any public agency must be open for personal inspection by any person.[1] The county itself is an agency within the scope of the law.[2]
For purposes of the law, a "[p]ublic record" is any document, paper, letter, map, book, tape, photograph, film, sound recording or other material, regardless of physical form or characteristic which is "made or received pursuant to law . . . or in connection with the transaction of official business by any agency."[3] Thus, the form of the record is irrelevant; the material issue is whether the record is made or received by the county in connection with the transaction of official county business.
It seems clear in this instance that the data processing software is being used by the county in its official capacity for official county business and, thus, will be received in connection with the transaction of official business by the county.
Public records are not restricted to those documents which have been reduced to final form or otherwise represent the ultimate product of a public official or agency.[4] Only those records made confidential or exempt from disclosure by law are exempt from the disclosure provisions of s. 119.07(1), F.S.[5]
The Public Records Law contains specific provisions relating to the applicability of the law to data processing software. Section119.07(3)(q), F.S.,[6] provides that data processing software which is obtained by an agency pursuant to a licensing agreement which prohibits its disclosure and which software is a trade secret, as defined in s. 812.081, F.S.,[7] is exempt from disclosure and copying.[8]
Based on the information provided to this office, s. 119.07(3)(q), F.S., does not apply to this situation. This office has no information relating to the nature of this software as a trade secret and, in the absence of any such assertion, will assume that the software is not a trade secret within the scope of s. 812.081, F.S. Further, the terms of the licensing agreement between the county and the software company have not been related to this office. However, based on your letter, I understand that the assertion of confidentiality or restricted access is based on the federal copyright law rather than any provision of the licensing agreement. Thus, this computer software does not appear to fall within the terms of s. 119.07(3)(q), F.S.
Your question however, deals specifically with the application of the federal copyright law to this software. The federal copyright law vests in the owner of a copyright, subject to certain limitations, the exclusive right to do or to authorize, among other things, the reproduction of the copyrighted work in copies and the distribution of the copyrighted work to the public by sale or other transfer of ownership.[9] The unauthorized reproduction of copyrighted work in copies constitutes an infringement of such copyright. Copyright infringement is a tort and all persons concerned therein are jointly and severally liable as joint tort-feasors.[10]
Where a federal statute such as the copyright law expressly preempts a field and operates to bar specified acts or conduct, the Supremacy Clause of the United States Constitution, Art. VI, U.S. Const., provides that the federal law will prevail and exclusively control such matters.[11] Consequently, the state is prohibited from enacting or enforcing any state law or regulation which conflicts or interferes with, curtails, or impairs, the operation of the federal law. Thus, state law may not operate to authorize or permit that which the federal law proscribes — in this instance, the unauthorized reproduction of copyrighted work in copies and the unauthorized distribution of copies of the copyrighted work to the public.
A distinction must be made, however, between the custodian of public records reproducing or permitting reproduction, furnishing, or distributing copies of copyrighted work and the custodian merely permitting public access to the records solely for inspection and examination.[12] It has generally been the position of this office that nondisclosure of records which would otherwise be public under state law may be effected only when there is an absolute conflict between state and federal disclosure provisions.[13] In this case Florida law would permit the disclosure of the data processing software concerned pursuant to s. 119.07(3)(q), F.S., for both inspection and copying purposes as the licensing agreement apparently does not prohibit the disclosure of such material nor is it a trade secret. The federal copyright law provides the owner of a particular copy the right to display that copy publicly to viewers present at the place where the copy is located without the authority of the copyright owners.[14]
Thus, the federal copyright law when read together with Florida's Public Records Law authorize and require the custodian of the county records to make the data processing software available for examination and inspection purposes only. With regard to reproducing, copying, and distributing copies of the data processing software which is protected under the federal copyright law, state law must yield to the federal law on the subject to the extent of any conflict and agencies such as the county may not reproduce, or permit the reproduction of, or distribute copies of, copyrighted work to the public.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 119.01, F.S., and s. 119.07(1)(a), F.S., as amended by s. 1, Ch. 90-43, Laws of Florida.
[2] Section 119.011(2), F.S., defines "[a]gency" to include any county.
[3] Section 119.01(1), F.S.
[4] See, AGO 89-39 (board of county commissioners may use computer network in the course of official business; information stored in computer would be subject to Public Records Law).
[5] See, AGO 89-39 and Wait v. Florida Power Light Company,372 So.2d 420, 424 (Fla. 1979).
[6] Formerly s. 119.07(3)(r), F.S. (1989), this section was renumbered by s. 22, Ch. 90-344, Laws of Florida.
[7] "Trade secret" is defined in s. 812.081(1)(c), F.S., as:
[T]he whole or any portion or phase of any formula, pattern, device, combination of devices, or compilation of information which is for use, or is used, in the operation of a business and which provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it. "Trade secret" includes any scientific, technical, or commercial information, including any design, process, procedure, list of suppliers, list of customers, business code, or improvement thereof. Irrespective of novelty, invention, patentability, the state of the prior art, and the level of skill in the business, art, or field to which the subject matter pertains, a trade secret is considered to be:
1. Secret; 2. Of value; 3. For use or in use by the business; and 4. Of advantage to the business, or providing an opportunity to obtain an advantage, over those who do not know or use it when the owner thereof takes measures to prevent it from becoming available to persons other than those selected by the owner to have access thereto for limited purposes.
[8] In addition, this section provides that agency produced data processing software which is sensitive is exempt from the provisions of s. 119.07(1), F.S. "Sensitive" is defined by s.119.07(3)(q)2., F.S., to mean only those portions of data processing software, including the specifications and documentation, used to:
a. Collect, process, store, and retrieve information which is exempt from the provisions of subsection (1); b. Collect, process, store, and retrieve financial management information of the agency, such as payroll and accounting records; or c. Control and direct access authorizations and security measures for automated systems.
[9] See, 17 U.S.C.S. s. 106.
[10] Id. s. 501(a) and (b) (anyone who violates any of the exclusive rights of the copyright owner is an infringer and the owner of the exclusive right under a copyright is entitled to institute an action for infringement). And see, Leo Feist v. Young, 138 F.2d 972 (7th Cir., 1943), Ted Browne Music Co. v. Fowler, 290 F. 751 (2d Cir., 1923) (for the proposition that copyright infringement is a tort and all persons concerned therein are jointly and severally liable as joint tort-feasors). See also, Mills Music, Inc. v. State of Arizona, 591 F.2d 1278 (9th Cir., 1979), holding that suits are authorized against states for infringement of the exclusive rights of a copyright holder under the federal copyright act; and s. 768.28, F.S., which waives the state's immunity for liability for torts for itself, its agencies and its officers and employees.
[11] See, 17 U.S.C.S. s. 301.
[12] Such a distinction was initially made by this office in AGO 82-63 in which it was concluded that agencies should not reproduce, or permit the reproduction of, or distribute copies of, copyrighted work to the public but may permit the public access to copyrighted work in their possession for examination and inspection purposes only.
[13] See, AGO's 82-63 and 80-31.