Mr. Gerard T. York Acting General Counsel Department of State R.A. Gray Building 500 South Bronough Street, Room 123 Tallahassee, Florida 32399-0250
Dear Mr. York:
You have asked for my opinion on substantially the following question:
Are maintenance manuals for voting systems that are supplied to the Department of State, Bureau of Voting Systems Certification, pursuant to the Florida Voting Systems Standards and Chapter 101, Florida Statutes, public records subject to inspection and copying under section 119.07(1), Florida Statutes?
Section 101.017, Florida Statutes, creates a Bureau of Voting Systems Certification (bureau) within the Division of Elections (division) of the Department of State. The bureau provides technical support to the supervisors of elections and is responsible for voting system standards and certification.
Section 101.015, Florida Statutes, requires the Department of State to adopt rules establishing minimum standards for "hardware and software for electronic and electromechanical voting systems." The statute requires that these rules contain standards for:
"(a) Functional requirements; (b) Performance levels; (c) Physical and design characteristics; (d) Documentation requirements; and (e) Evaluation criteria."[1]
As set forth in Rule 1S-5.001, Florida Administrative Code, the Florida Voting Systems Standards, Form DS-DE-101, contains "the minimum standards, procedures for testing to determine if those standards have been met, and procedures for certifying and provisionally certifying compliance with the minimum standards." These standards are available in booklet form from the Division of Elections, Bureau of Voting System Certification.
Pursuant to this rule, an application for certification of a voting system must be accompanied by supporting materials including a "[t]echnical data package." The package must include a "[s]ystem operator's manual;" "[e]nvironmental requirements for storage, transportation, and operation, including temperature range, humidity range and electrical supply requirements;" "[u]ser manuals detailing system functionality;" and "[t]he Approved Parts List (APL) for all elements of the system".[2] The division examines the submitted documentation and other material accompanying the application to determine whether the voting system is in compliance with the Florida Voting Systems Standards.[3] Further, the standards require the applicant for certification to "identify all corrective and preventive maintenance tasks and the level at which they shall be performed."[4]
These include operator tasks, maintenance personnel tasks, and factory repair.[5] As described by the standards, maintenance personnel tasks include "all field maintenance actions, which require access to internal portions of the equipment. They shall include the conduct of tests to localize the source of a malfunction; the adjustment, repair, or replacement of malfunctioning circuits or components; and the conduct of tests to verify restoration to service."[6]
As noted in communications with your office, this information would typically be included in a user or maintenance manual.
The Department of State recently received a public records request to copy a system maintenance manual submitted to the Bureau of Voting Systems Certification as required by the Florida Voting Systems Standards. Vendors submitting materials to the bureau have expressed objections to the bureau providing copies of such material in response to public records requests, pointing out that the copyright on the material has been recorded with the United States Copyright Office. Thus, you ask whether, under such circumstances, the Department of State may reproduce and distribute copies of a system maintenance manual made part of a data package submitted by a vendor to the Bureau of Voting Systems Certification, pursuant to Chapter 101, Florida Statutes, and the Florida Voting Systems Standards.
Florida's Public Records Law, Chapter 119, Florida Statutes, requires that all public records made or received pursuant to law or in connection with the transaction of official business by any public agency must be open for personal inspection by any person.[7] For purposes of the law, a "[p]ublic record" is any document, paper, letter, map, book, tape, photograph, film, sound recording or other material, regardless of the physical form or characteristic, which is "made or received pursuant to law . . . or in connection with the transaction of official business by any agency."[8] Thus, the form of the record is irrelevant; the material issue is whether the record is made or received by the public agency in connection with the transaction of official business.
It is unquestionable that system maintenance manuals submitted to the Bureau of Voting Systems Certification, as required by the Florida Voting Systems Standards, are records received by the Department of State in its official capacity for official state business. Thus, these manuals are public records subject to the requirements of the Public Records Law.
However, your question also involves the application of the federal copyright law to this material. The federal copyright law vests in the owner of a copyright, subject to certain limitations, the exclusive right to do or to authorize, among other things, the reproduction of the copyrighted work in copies and the distribution of the copyrighted work to the public by sale or other transfer of ownership.[9] The unauthorized reproduction of copyrighted work in copies constitutes an infringement of such copyright. Copyright infringement is a tort and all persons concerned therein are jointly and severally liable as joint tort-feasors.[10] In 1990, Congress amended the federal copyright law to specifically provide that relief for infringement is available against "`anyone' includ[ing] any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity.'"[11]
Where a federal statute such as the copyright law expressly preempts a field and operates to bar specified acts or conduct, the Supremacy Clause of the United States Constitution, Article VI, U.S. Constitution, provides that the federal law will prevail and exclusively control such matters.[12] Consequently, the state is prohibited from enacting or enforcing any state law or regulation that conflicts or interferes with, curtails, or impairs the operation of the federal law.[13] Thus, state law may not operate to authorize or permit that which the federal law proscribes — in this case, the unauthorized reproduction of copyrighted work in copies and the unauthorized distribution of copies of the copyrighted work to the public.
A distinction must be made, however, between the custodian of public records reproducing and distributing copies of copyrighted work and the custodian permitting public access to the records for inspection and examination.[14] It has generally been the position of this office that nondisclosure of records that would otherwise be public under state law may be effected only when there is an absolute conflict between state and federal disclosure provisions.[15] While Florida law would permit the disclosure of the maintenance manuals pursuant to section 119.07(1)(a), Florida Statutes, for both inspection and copying purposes, federal law limits only the copying of these materials. However, the federal copyright law provides the owner of a particular copy the right to display that copy publicly to viewers present at the place where the copy is located without the authority of the copyright owners.[16]
This office, in a line of opinions dating from 1982, has counseled records custodians that while copyrighted material may be available to the public for inspection and examination, the unauthorized reproduction and distribution of copies of copyrighted material to the public may be prohibited under the federal copyright law.[17]
Attorney General's Opinion 82-63 is particularly close factually to the issue you have presented. In that opinion, the Secretary of a state agency asked whether safety plans or manuals required by statute to be submitted to the agency would be available to the public under Chapter119, Florida Statutes, if they were protected under the federal copyright law. This office recognized that the records involved were very expensive to produce, valuable, and thereby susceptible to plagiarism. There was also no question that these records, required by statute to be submitted to the department, were public records.
Reading the federal copyright law together with Florida's Public Records Law, the opinion acknowledges that Chapter 119 requires the custodian to allow access to records but distinguishes between permitting access to the records and reproducing or distributing copies of the records. The opinion concludes:
"[A]gencies should not reproduce, or permit the reproduction of, or distribute copies of copyrighted work to the public but may permit the public access to copyrighted work in their possession for examination and inspection purposes only."
In fact, the opinion recommends that the department should not permit the reproduction or copying of copyrighted work by the public without the express authorization of the copyright owner.
A more recent opinion by this office, Attorney General's Opinion 97-84, struck a balance between the copyright law and Florida's Public Records Law that recognized the doctrine of "fair use," that is, even if a record is copyrighted, federal law permits copying under certain conditions. For example, notwithstanding the exclusive rights of the copyright owner, "the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."[18]
In an effort to avoid making records custodians the guarantors of compliance with "fair use," the 1997 opinion suggests that records be made available and that individuals seeking to make copies for their own use be informed of the requirements of the federal copyright law.[19]
The opinion counsels records custodians that they "should advise individuals seeking to copy such records of the limitations of the federal copyright law and the consequences of violating its provisions." The opinion does not advise a records custodian to reproduce copyrighted material for distribution but suggests measures to be taken to protect the custodian from liability in the event that materials which are subject to the copyright law and the public records law are copied for unauthorized purposes.
Based on these considerations, it is my opinion that the federal copyright law, when read together with Florida's Public Records Law, authorizes and requires the custodian of records of the Department of State to make maintenance manuals supplied to the Bureau of Voting Systems Certification, as required by the Florida Voting Systems Standards and Chapter 101, Florida Statutes, available for examination and inspection purposes. With regard to reproducing, copying, and distributing copies of these maintenance manuals which are protected under the federal copyright law, state law must yield to the federal law on the subject. The Department of State, as the custodian of these records, should advise individuals seeking to copy such records of the limitations of the federal copyright law and the consequences of violating its provisions; such notice may take the form of a posted notice that the making of a copy may be subject to the copyright law. However, as this office has advised previously, it is advisable for the custodian to refrain from copying such records himself or herself.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 101.015(1)(a)-(e), Fla. Stat.
[2] See, Form DS-DE-101, eff. 4/02, p. 9.
[3] Id. at p. 11.
[4] Form DS-DE-101, supra, at p. 44.
[5] Id.
[6] Form DS-DE-101, supra, at n. 4.
[7] Section 119.01, Fla. Stat., and s. 119.07(1)(a), Fla. Stat.
[8] Section 119.011(1), Fla. Stat.
[9] See, 17 U.S.C.A. s. 106.
[10] Id., s. 501(a) and (b) (anyone who violates any of the exclusive rights of the copyright owner is an infringer and the owner of the exclusive right under a copyright is entitled to institute an action for infringement). And see, Leo Feist v. Young, 138 F.2d 972 (7th Cir., 1943), Ted Browne Music Co. v. Fowler, 290 F. 751 (2d Cir., 1923) (for the proposition that copyright infringement is a tort and all persons concerned therein are jointly and severally liable as joint tort-feasors). See also, Mills Music, Inc. v. State of Arizona,591 F.2d 1278 (9th Cir., 1979), holding that suits are authorized against states for infringement of the exclusive rights of a copyright holder under the federal copyright act; and s. 768.28, Fla. Stat., which waives the state's immunity for liability for torts for itself, its agencies and its officers and employees. But see, Seminole Tribe of Florida v.Florida, 517 U.S. 44, 116 S.Ct. 1114, 1185 fn. 16 (1996), in which the U.S. Supreme Court, in a footnote, discusses the authority of Congress to abrogate the sovereign immunity of states through such laws as the copyright, bankruptcy and antitrust laws. It is noted in that discussion that the Court never "has awarded relief against a State under any of those statutory schemes[.]"
[11] See, 17 U.S.C.A. s. 511(a) (added 1990). And see, 17 U.S.C.A. s. 511(b) which provides:
"In a suit described in subsection (a) for a violation described in that subsection, remedies (including remedies both at law and in equity) are available for the violation to the same extent as such remedies are available for such a violation in a suit against any public or private entity other than a State, instrumentality of a State, or officer or employee of a State acting in his or her official capacity. Such remedies include impounding and disposition of infringing articles under section 503, actual damages and profits and statutory damages under section 504, costs and attorney's fees under section 505, and the remedies provided in section 510."
And see, Unix System Laboratories, Inc. v. Berkeley Software Design,Inc., 832 F. Supp. 790 (D.N.J. 1993).
[12] See, 17 U.S.C.A. s. 301.
[13] Chicago and North Western Transportation Company v. Kalo Brick Tile Company, 450 U.S. 311,101 S.Ct. 1124, 67 L.Ed.2d 258 (1981);Hillsborough County, Florida v. Automated Medical Laboratories, Inc.,471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985); Bonito Boats, Inc.,v. Thunder Craft Boats, Inc. 489 U.S. 141, 109 S.Ct. 971, 103 L.Ed.2d 118
(1989) (involving a discussion of preemption and patent law); State v.Stepansky, 761 So.2d 1027 (Fla. 2000).
[14] This office initially made this distinction in Op. Att'y Gen. Fla. 82-63 (1982), in which it was concluded that agencies should not reproduce, or permit the reproduction of, or distribute copies of, copyrighted work to the public but may permit the public access to copyrighted work in their possession for examination and inspection purposes only.
[15] See, Ops. Att'y Gen. Fla. 82-63 (1982) and 80-31 (1980).
[16] 17 U.S.C.A. s. 109(b). See also, 17 U.S.C.A. s. 101, which provides that a public display of a work does not of itself constitute "publication."
[17] See, Ops. Att'y Gen. Fla. 82-63 (1982); 90-102(1990), 95-37 (1995), 97-84 (1997); and 97 — 87(1997).
[18] See, 17 U.S.C.A. s. 107, which states that in determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include:
"(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work."
[19] Cf., 17 U.S.C.A. s. 108(f)(1), stating that nothing in the section "shall be construed to impose liability for copyright infringement upon a library or archives or its employees for the unsupervised use of reproducing equipment located on its premises: Provided, That such equipment displays a notice that the making of a copy may be subject to the copyright law[.]"