JOSEPH SMITH, APPELLANT, *vs.* THE CHESAPEAKE AND OHIO CANAL COMPANY, APPELLEES.

The legislatures of Virginia and Maryland authorized the surrender of the charter granted by those states to the Potomac Company to be made to the Chesapeake and Ohio Canal Company, the stockholders of the Potomac Company assenting to the same. A provision was made in the acts authorizing the surrender for the payment of a certain amount of the debts of the Potomac company by the Chesapeake and Ohio Canal Company, a list of those debts to be made out, and certified by the Potomac Company.—By the Court.— This assignment does not impair the obligation of the contract of the Potomac Company with any one of its creditors, nor place him in a worse situation in regard to his demand. The means of payment possessed by the old company are carefully preserved, and indeed guarantied by the new corporation; and if the fact can be established that some bona fide creditors of the Potomac Company were unprovided for in the new charter, and have consequently no redress against the Chesapeake and Ohio Canal Company, it does not follow that they are without remedy.

ON appeal from the Circuit Court of the United States for the county of Alexandria, in the District of Columbia.

In the Circuit Court for Alexandria county, the appellant filed a bill to compel the Chesapeake and Ohio Canal Company, to pay to him a proportion of the amount of a judgment obtained for a prize, drawn in a lottery authorized to be drawn by "The Potomac Company," the judgment having been assigned to the claimant to the amount for which the bill was filed. The Chesapeake and Ohio Canal Company, under the authority of their act of incorporation, and of acts passed by the Legislatures of the states of Virginia and Maryland, had become entitled to, and held all the property, rights, and privileges owned and possessed by the Potomac Company under their charters; and were subjected to the payment of certain debts due by the Potomac Company, according to the provisions of their charter, and the acts of Assembly referred to.

The whole case is fully stated in the opinion of the Court.

The case was argued by Mr. Semmes and Mr. Lee for the appellants; and by Mr. Key and Mr. Jones for the appellees.

Mr. Justice M'LEAN delivered the opinion of the Court.

This is an appeal, in Chancery, from the decree of the Circuit Court of the District of Columbia.

The complainant represents himself to be a judgment creditor of the Potomac Company, which was incorporated in 1784, by acts of the Virginia and Maryland legislatures, for the purpose of opening and extending the navigation of the Potomac river. That on the organization of the Chesapeake and Ohio Canal Company, in 1825, under a charter obtained the preceding year, the Potomac Company surrendered its charter, and conveyed to the new company all "the

property, rights, and privileges by them owned.". That certificates of stock in the old company, and also its debts, were made receivable by the new company in payment for stock; and certain provision was made in behalf of those creditors who should not take stock in payment of their claims.

And the complainant states that the defendants have refused to take any step to pay his judgment, or to recognise his demand as coming within the provision in behalf of the creditors of the Potomac Company. And he prays that an account may be taken, and that such dividend as he may be entitled to receive, may be decreed to him.

The defendants, in their answer, admit the obtainment of the judgment, but aver that it was founded on a claim against the Potomac Company for a prize drawn in a lottery, under an act of the state of Maryland; which lottery was drawn beyond the limits of that state, and within the District of Columbia, not only without authority, but against law. And they insist that the lottery being void, the prize alleged to have been drawn by the complainant or his assignor, can give no right of action at law, or entitle him to relief in equity.

The defendants also allege, that the demand of the complainant was not included in the list of debts due by the Potomac Company, for which provision was made under the new charter.

The statements in the answer in regard to the illegality of the lottery, are not responsive to the bill; and there is no proof in the record where the lottery was drawn.

On the 7th January, 1810, the legislature of Maryland, by an act, authorized the Potomac Company, for the purpose of improving the navigation of the Potomac river, &c. to raise a sum of money not exceeding three hundred thousand dollars. But, as there is nothing in the record or in the evidence, which conduces to prove that the lottery was not drawn in pursuance of the act, the Court cannot presume that it was so drawn, and thereby defeat the plaintiff's right. If the statements of the answer, in this respect, were proved, the judgment could interpose no obstacle to giving to them full consideration and effect.

The complainant asks the aid of a Court of Chancery to give effect to his judgment; and this no Court of Chancery will do, in violation of the established rules of equity.

The second section of the act incorporating the Chesapeake and Ohio Canal Company, provides that subscriptions for the stock may be paid either "in the legal currency of the United States, or in the certificates of stock of the present Potomac Company, at the par or nominal value thereof; or in the claims of the creditors of the said company, certified by the acting president and directors to have been due for principal and interest, on the day on which the assent of the said company shall have been signified by their corporate act, as herein before required; provided that the said certificates of stock shall not exceed, in the whole amount the sum of three hundred and

eleven thousand, one hundred and eleven dollars and eleven cents; nor the said claims the sum of one hundred and seventy-five thousand eight hundred dollars."

And in the twelfth section, it is provided, "That it shall be the duty of the president and directors of the Chesapeake and Ohio Canal Company, so long as there shall be and remain any creditor of the Potomac Company, who shall not have vested his demand against the same in the stock of the Chesapeake and Ohio Canal Company, to pay to such creditor or creditors annually, such dividend or proportion of the nett amount of the revenues of the Potomac Company; on an average of the last five years preceding the organization of the said proposed company, as the demand of the said creditor or creditors at this time may bear to the whole debt of one hundred and seventy-five thousand eight hundred dollars." This sum, it was supposed, would cover the debts of the Potomac Company; and there is a statement in the record showing the different items which produced this aggregate amount. The judgment of the plaintiff is not included in this statement.

The liability of the defendants to the stockholders and creditors of the Potomac Company, arises wholly under their charter; and the extent of that liability is shown by the above extracts. They were bound to receive the certificates of stock and debts of the Potomac Company, in payment for stock; and to pay a proportionate dividend to those creditors who should not subscribe for stock. The stockholders and creditors of the old company were named, so that the liability of the new corporation was not only specific as to amount, but also as to individual creditors. The contract was made in their charter, and there is no allegation or pretence, that the defendants colluded with the Potomac Company to defraud either its stockholders or creditors. The responsibility of the defendants, then, cannot extend beyond the express terms of their contract.

It is insisted that the twelfth section embraces all creditors of the Potomac Company; and requires that the average dividend paid by that company, the last five years preceding the surrender of its charter, should be paid to them. But that this is not the true construction is shown, by the further limitation imposed in the same section. The sum of one hundred and seventy-five thousand eight hundred dollars, being the amount of the debts, is made the basis on which the dividend is to be apportioned. The net average revenue for the five years being ascertained, it is easy to calculate what per cent. this would pay on the sum stated    the total amount of debts; and the same per cent. must necessarily be paid on the amount due the creditors respectively. This is a very simple operation, and it shows very clearly that the sum sta· 1 was the maximum of debts to be provided for.

Four thousand dollars of the plaintiff's judgment were assigned to Haley and Sukeley; and it appears that George Sukeley was entered on the books of the Ohio and Chesapeake Canal Company,

as a subscriber for four thousand dollars of stock, payable in debts of the Potomac Company But it seems the company afterwards refused to receive the above assignment in payment for the stock.

From the fact of this subscription being made, an inference is drawn, that the defendants considered themselves liable for the judgment of the plaintiff.

It is probable the subscription of Sukeley was entered through mistake; and, it seems, the company refused to ratify it. No presumption can be drawn from this circumstance which can, in any degree, influence the construction of the contract in the charter.

There can be no doubt that the states of Virginia and Maryland, in granting the charter of the Chesapeake and Ohio Canal Company, had the power to authorize a surrender of the charter of the Potomac Company, with the consent of the stockholders; and to make the provision which they did make for the creditors of the company. This assignment does not impair the obligation of the contract of any creditor of the company, nor place him in a worse situation in regard to his demand. The means of payment possessed by the old company are carefully preserved, and, indeed, guarantied by the new corporation. And if the fact can be established, which is denied by the defendants, that some bona fide creditors of the Potomac Company were unprovided for in the new charter, and consequently have no redress against the defendants, it does not follow that they are without remedy.

It may be that all the creditors whose demands make up the sum of one hundred and seventy-five thousand eight hundred dollars, have not claimed stock in the new company, or the proportionate dividend secured to them. But if they have not asserted their right to stock or the dividend, they may yet claim either, and the defendants are bound to satisfy their demand.

Upon the whole, we are of the opinion, that the defendants are not liable under their contract with the Potomac Company, to pay the judgment of the plaintiff; or to pay him a proportionate share of the nett revenue of the Potomac Company stock, under the twelfth section: the decree of the Circuit Court, which dismissed the bill, is, therefore, affirmed.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Columbia, holden in and for the county of Alexandria, and was argued by counsel. On consideration whereof, it is now here ordered and decreed by this Court, that the decree of the said Circuit Court, in this cause be, and the same is hereby, affirmed, with costs.