**WERTS NOVELTY CO., Inc., v. CHANDLER et al.**

**No. 229.**

District Court, W. D. Missouri, W. D.

Nov. 30, 1939.

Thomas E. Scofield and Henry L. Shenier, both of Kansas City, Mo., for plaintiff.

Arthur C. Brown, of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is an action for an alleged improper use of a trademark and unfair competition. The defendants have moved to dismiss the complaint on the ground that the complainant is not entitled to the relief sought.

An inspection of the complaint discloses that the complainant has been engaged continuously in offering "for sale a game of chance played with concealed numbers, for which game of chance it adopted a certain trademark, towit, 'RO WO BO'."

It claims that it has not only acquired the right by adoption and use of said trademark, but that same has been registered in compliance with law, and that it now holds and enjoys the exclusive privilege in its use.

In the argument on the motion it was pointed out that said trademark was used, as stated in the petition, "in games of chance", and that it partook of the nature of a lottery.

The Constitution of Missouri, Section 10, of Article XIV, Mo.St.Ann., prohibits lotteries and the General Assembly of the State of Missouri is in fact forbidden "to authorize lotteries or gift enterprises for any purpose." Not only is the power to authorize lotteries withheld from the General Assembly of the state, but it is enjoined by the Constitution as follows: "* * * and shall pass laws to prohibit the sale of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery, in this State."

In pursuance of the constitutional provision, section 4314, R.S.Mo.1929, Mo.St.Ann § 4314, p. 3002, was enacted and it prohibits lotteries "or scheme of drawing in the nature of a lottery" under penalty.

■ At common law, while lotteries were recognized as legal, yet nevertheless they were merely tolerated and not approved. Many of the states of the union prohibit lotteries by constitutional provisions.

The Supreme Court of the United States in Stone v. Mississippi, 101 U.S. 814, loc. cit. 818, 25 L.Ed. 1079, aptly fixed the status of lotteries in the judicial mind in the following language: "If lotteries are to be tolerated at all, it is, no doubt, better that they should be regulated by law, so that the people may be protected as far as possible against the inherent vices of the system; but that they are demoralizing in their effects, no matter how carefully regulated, cannot admit of a doubt. When the government is untrammelled by any claim of vested rights or chartered privileges, no one has ever supposed that lotteries could not lawfully be suppressed, and those who manage them punished severely as violators of the rules of social morality."

■ This proceeding being equitable, it is the duty of the chancellor to repel from the precincts of equity all iniquity. Counsel for the complainant, however, rely upon Youngs Rubber Corporation v. C. I. Lee & Co., 2 Cir., 45 F.2d 103. This opinion upheld a device that had some legal functions. The court pointed out that so far as the complainant was concerned, protection for its legal uses alone was sought. Note the language of the court, 45 F.2d loc. cit. 110: "There can be no doubt that the general rule that one coming into equity must come with clean hands is confined to the conduct of the party in the matter before the court, and not to matters aliunde."

In this case the complaint shows on its face that the complainant seeks the aid of a court of equity in the use of a device universally condemned as iniquitous.

It is also suggested by counsel that the state wherein the complainant is domiciled does not proscribe lotteries. Equity is indifferent on that question: The same contention was made in Smith v. C. & O. Canal Co., 39 U.S. 45, loc. cit. 46, 14 Pet. 45, 10 L.Ed. 347. The court dismissed the contention with the following apt language: "The complainant asks the aid of a court·of chancery to give effect to his judgment; and this no court of chancery will do, in violation of the established rules of equity."

The complaint should be dismissed, and it will be so ordered.