Andrew F. GLICK, Plaintiff-Appellant,

v.

Jerome KOENIG, et al.,
Defendants-Appellees.

No. 84–2231.

United States Court of Appeals,
Seventh Circuit.

Submitted March 5, 1985 *.

Decided June 13, 1985 **.

\* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Plaintiff-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

\*\* This appeal was originally decided by unreported order on June 13, 1985. *See* Circuit Rule 35. The Court has subsequently decided to issue the decision as an opinion.

Andrew F. Glick, pro se.

Charles D. Hoornstra, Madison, Wis., Nancy J. Meissner, Riordan, Crivello, Carlson, Mentkowski & Henderson, Milwaukee, Wis., for defendants-appellees.

Before WOOD, CUDAHY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

*Pro se* plaintiff Andrew Glick filed a complaint apparently alleging violations of his constitutional rights arising from his receipt of a traffic citation. Plaintiff filed the action against Jerome Koenig, the Wisconsin state trooper who issued the citation for traveling at an excessive speed, Donald Poppy, the district attorney who prose-

cuted Glick for the speeding violation, and Hugh Nelson, the judge who presided over the case. Plaintiff later amended his complaint to include Robert W. Warren, the United States District Court judge who presided over the proceedings below and who eventually dismissed the case. We affirm the dismissal.

On April 26, 1984, plaintiff filed a complaint alleging that defendant Koenig "did waylay [plaintiff] on the highway with the intent to harm [him], by spewing radiation ..." and that Koenig attempted to stop plaintiff from enjoying his pursuit of happiness and defraud him of "hard earned substance and presious [sic] time." Plaintiff alleged that Judge Nelson violated the state and federal Constitutions by issuing a notice of pretrial in the state court case to the plaintiff. In addition, plaintiff claimed that Judge Nelson conspired with defendants Koenig and Poppy in setting a trial date for the case, in ignoring documents that plaintiff had produced the day of the hearing, and in failing to produce a written complaint by two sovereign citizens. Plaintiff sought approximately $17,000,000 in damages. On May 15, 1984, defendant Judge Nelson moved for dismissal and asked for attorneys' fees. In response, plaintiff moved for default judgment and summary judgment against Judge Nelson for failure to answer the complaint and requested a hearing on these motions. On May 29, 1984, the district court denied plaintiff's motions without a hearing. As a result, plaintiff requested permission to file an amended complaint on June 6, 1984, to include the district judge, Judge Warren, as a defendant, alleging that Judge Warren conspired against plaintiff in failing to provide a hearing on his motions, that he violated plaintiff's constitutional rights in denying the motions, and that he perjured himself when he took an oath of office to uphold the Constitution. In addition, plaintiff requested that the clerk of the court appoint a different judge to his case. Plaintiff also appealed the May 29 denial of his motions but this court dismissed the appeal on June 13, 1984, because the May 29 order was interlocutory. On June 19, 1984, the district court granted Judge Nelson's motion to dismiss, declared the amended complaint a nullity, and *sua sponte* dismissed plaintiff's "frivolous attempt to join the Court as a party defendant in this action." On June 22, 1984, plaintiff requested reconsideration of an order requiring plaintiff to serve certain documents on the opposing parties. Plaintiff also requested that the matter be reassigned to a new judge, but the district court denied both motions stating that the dismissal mooted plaintiff's request for reassignment and that there was no basis to reverse his order relating to the documents.

On appeal, plaintiff claims that the district court judge was a defendant in the lawsuit and, therefore, had no jurisdiction to dismiss the action on June 19, 1984. The plaintiff, however, was never granted leave to amend his complaint and, therefore, the district court judge was not made a party to the lawsuit. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading after a responsive pleading is served only by leave of court or by written consent of the adverse party. Fed.R.Civ.P. 15(a); *Carl Sandburg Village Condominium Association No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 206 n. 1 (7th Cir.1985). The denial of a motion to amend the pleadings pursuant to Rule 15(a) will be overturned only if the trial court abused its discretion. *Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir.1985). No abuse of discretion will be found if the substance of the proposed amendment will not cure the original pleading, *Shashoua v. Quern*, 612 F.2d 282, 285 (7th Cir.1979), or if the amendment fails to state a claim, *Brandt v. Grounds*, 687 F.2d 895, 899 (7th Cir.1982). Thus, a district court is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss. *Holloway v. Dobbs*, 715 F.2d 390, 392–93 (8th Cir.1983); *NDK Corp. v. Local 1550 of the United Food & Commercial Workers International Union*, 709 F.2d 491, 493 (7th Cir. 1983). The liberal amendment rules under

Rule 15(a) do not require the courts to indulge in futile gestures. *Holloway*, 715 F.2d at 393.

The district court did not abuse its discretion in denying plaintiff leave to file the proposed amended complaint, and the court properly dismissed plaintiff's original complaint. Judges are entitled to absolute immunity for judicial acts unless the acts were performed in the clear absence of jurisdiction. *Briscoe v. LaHue*, 460 U.S. 325, 334–35, 103 S.Ct. 1108, 1115–16, 75 L.Ed.2d 96 (1983); *Stump v. Sparkman*, 435 U.S. 349, 355–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). A judge will not be deprived of immunity for erroneous actions or even for those actions performed maliciously or in excess of his authority. *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104. All of the acts performed by the district court and by Judge Nelson with which the plaintiff took issue were clearly within their jurisdiction and, therefore, both judges were absolutely immune from liability. Defendant Poppy also was immune for his alleged involvement in a conspiracy to set a trial date and for allegedly ignoring evidence. Public prosecutors are entitled to qualified immunity when performing administrative or investigatory duties and absolute immunity when performing a quasi-judicial role. *Coleman v. Frantz*, 754 F.2d 719, 728 n. 9 (7th Cir. 1985). Thus, Poppy was absolutely immune for allegedly failing to examine evidence. Glick could have overcome Poppy's qualified immunity for any alleged impropriety relating to setting the trial date only by demonstrating that any constitutional rights that were violated "were clearly established at the time of the conduct at issue," which plaintiff plainly failed to do. *Davis v. Scherer*, —— U.S. ——, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984). Finally,

police officer Koenig was entitled to qualified immunity for his actions in arresting Glick for speeding, *Silverman v. Ballantine*, 694 F.2d 1091 (7th Cir.1982), and to absolute immunity for his participation as a witness in the hearing before Judge Nelson, *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Glick failed to overcome Koenig's qualified immunity by demonstrating that Koenig violated clearly established constitutional rights. Accordingly, both the original and amended complaint failed to state a cognizable claim and, therefore, the original complaint was properly dismissed and the amendment was properly disallowed.

The district court denied Glick's motion for a stay of further proceedings pending a decision from this court on his appeal of the May 29th order denying his motions for a default judgment and summary judgment.[1] *See* Fed.R.App.P. 8(a). The factors to be considered in a request for a stay pending appeal are (1) whether appellant has made a showing of likelihood of success on appeal, (2) whether appellant has demonstrated a likelihood of irreparable injury absent a stay, (3) whether a stay would substantially harm other parties to the litigation, and (4) where the public interest lies. *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir.1973). The district court weighed these factors and properly denied the stay. We do not find the denial of the stay under these circumstances to be an abuse of discretion. The district court also ordered plaintiff to serve on the opposing parties certain documents that had been served with the court but that had not been served on defendants.[2] Rule 5(a) of the Federal Rules of Civil Procedure provides (with a few exceptions that are not relevant here) that every pleading subse-

---

1. Plaintiff contended on appeal that he had been denied due process because the district court had not conducted a formal hearing on plaintiff's motions. This court dismissed the appeal as premature and interlocutory on June 13, 1984.

2. *Defendants requested copies of the following documents:* plaintiff's notice of and motion for

default judgment, plaintiff's petition for a hearing on his motion for default judgment, plaintiff's proposed amended complaint, plaintiff's notices to the clerk requesting certified copies of the Petition for Hearing of May 22, 1984, and of the order denying plaintiff's motions for default and summary judgment, and plaintiff's motion for a stay pending appeal.

quent to the original complaint, every paper relating to discovery, every written motion other than one which may be heard *ex parte,* and every written notice and similar paper shall be served upon each of the parties. The defendants were entitled to the documents requested and, accordingly, the district court's order granting defendants' request was proper.

 In its order of June 19, 1984, the district court also granted Judge Nelson's request for attorneys' fees and then assessed attorneys' fees against the plaintiff for defendants Koenig and Poppy. In the district court's opinion, plaintiff had "demonstrated bad faith in both the purpose and conduct of this litigation...." Ordinarily, fees are not awarded absent statutory authorization. A district court, however, may award fees when the losing litigant has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). Bad faith has been defined as conduct without at least a colorable basis in law. *Benner v. Negley,* 725 F.2d 446, 449 (7th Cir.1984). Thus, the filing of a frivolous lawsuit may demonstrate bad faith where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass the defendants rather than to obtain a favorable judgment. *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 828 (7th Cir.1984); *Coyne-Delany Co. v. Capital Development Board,* 717 F.2d 385, 390 (7th Cir.1983). We agree, as did the district court, with Judge Nelson's characterization of the lawsuit as "a transparent attempt to bully the administration of justice." Plaintiff's complaint was total-

ly without merit and appears to have been filed for the purpose of harassing and retaliating against those parties connected with the imposition of a fine for a traffic violation. Such conduct will not be tolerated. Accordingly, the award of attorneys' fees was proper.

 We have considered the other arguments raised on appeal by plaintiff and find them also to be without merit.[3] Accordingly, the judgment of the district court dismissing the action is

AFFIRMED.

---

**3.** Plaintiff contends that he is entitled to a hearing before both this court and the district court. Rule 34 of the Federal Rules of Appellate Procedure specifically permits an appeal to be decided without oral argument if (1) the appeal is frivolous, (2) the dispositive issue or set of issues has been recently authoritatively decided, or (3) the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. This appeal falls within all three categories and, therefore, plaintiff is not entitled to orally argue his appeal. Nor was plaintiff entitled to argue his motions for default and summary judgment before the district court. The local rules for the Eastern District of Wisconsin provide that "[e]ach judge or magistrate shall follow his own practice with respect to the affording of oral argument." Thus, the decision whether to grant oral argument was completely within the discretion of the trial court.