UNIVERSAL MANUFACTURING COMPANY, Plaintiff,

v.

DOUGLAS PRESS, INC., Defendant.

No. 89 C 3354.

United States District Court, N.D. Illinois, E.D.

Aug. 5, 1991.

Charles O'Connor, Chicago, Ill., for Universal Mfg. Co.

Henry S. Kaplan, Chicago, Ill., for Douglas Press, Inc.

## MEMORANDUM OPINION

GRADY, District Judge.

This case, in which plaintiff Universal Manufacturing Company ("Universal") charges defendant Douglas Press, Inc. ("Douglas") with trademark and copyright infringement, is before the court on Douglas' motion for leave to add an additional affirmative defense. Douglas seeks to add the following paragraph as an additional affirmative defense to Universal's complaint:

87. Plaintiff is barred from recovery by its unlawful use of the alleged trademarks and copyrights. Plaintiff, through its president, Norm Wilner, has wilfully concealed the true owner of Plaintiff in violation of numerous statutes and therefore use of its alleged trademarks and copyrights has not been lawful and does not establish legal rights thereto for Plaintiff.

Universal objects to Douglas' motion.

## DISCUSSION

■ Under Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, Rule 15(a) does not require courts to indulge in futile gestures. *See Glick v. Koenig,* 766 F.2d 265, 268–69 (7th Cir.1985). The court is justified in denying leave to amend if the proposed amendment could not withstand a motion to dismiss. *Id.*

Federal trademark law protects trademarks that are used in commerce, and "[t]he word 'commerce' means all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127. Douglas wishes to assert the defense that Universal cannot sue to enforce its trademark rights because they were acquired by unlawful use of the trademark in commerce.

Douglas argues that Universal did not use its trademarks lawfully because it obtained its state licenses to use the trademarks for manufacturing and selling lottery tickets through fraudulent representations. However, Douglas does not allege that Universal's manufacture and sale of the lottery tickets was inherently illegal. Where courts have barred plaintiffs from asserting their trademark and copyright rights because of their unlawful acts, plaintiffs' uses of their trademarks and copyrights themselves, rather than their conduct in obtaining them, were unlawful. *See Intrawest Financial Corp. v. Western Natl. Bank,* 610 F.Supp. 950, 959 (D.Colo. 1985) (plaintiff acquired no rights in its trademark because it used the trademark to violate national banking laws); *Geraghty Dyno–Tuned Products, Inc. v. Clayton Mfg. Co.,* 190 U.S.P.Q. 508, 511–12 (T.M.T.A.B.1976) (plaintiff could not sue to enforce copyright of kits to increase automobile engine output when the use of the kits violated California emissions laws, and plaintiff appeared to advocate unlawful use in the instruction manual for the kits); *Werts Novelty Co. v. Chandler & Universal Manufacturing Co.,* 30 F.Supp. 774, 775 (W.D.Mo.1939) (manufacturer of lottery tickets could not sue to enforce its trademark rights in Missouri, because lottery tickets were illegal under Missouri law).

Douglas is attempting to assert an "unclean hands" defense based on Universal's fraudulent conduct. However, Universal's alleged fraud in obtaining its state licenses would have only an indirect effect on its use of its trademarks. "The maxim of unclean hands is not applied where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852 (5th Cir.1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980), (citing *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S.Ct. 146, 147–48, 78 L.Ed. 293 (1933)).

In its brief in opposition to Douglas' motion, Universal argues that the benefits of federal trademark and copyright law cannot be restricted by state law. *See Leo Feist, Inc. v. Young*, 138 F.2d 972 (7th Cir.1943). In *Leo Feist*, a tavern owner played plaintiff's song in his tavern without paying copyright fees to the plaintiff. *Leo Feist*, 138 F.2d at 973. Plaintiff sued for copyright infringement, and at trial the tavern owner argued that plaintiff had unclean hands because of his failure to comply with Wisconsin licensing statutes. *Leo Feist*, 138 F.2d at 974. On appeal, the court overturned the trial court's ruling allowing the defense, holding that the ruling had the effect of making compliance with the state licensing statute a condition precedent to suing under the Federal Copyright Act. The court stated, "we do not believe that the Wisconsin statute should be permitted to prohibit the bringing of a federal suit." *Leo Feist*, 138 F.2d at 974.

The reasoning of the court in *Leo Feist* is applicable to the facts of this case. Douglas is attempting to make Universal's compliance with state licensing statutes a condition precedent to Universal's asserting its federal rights under the trademark and copyrights acts. Under *Leo Feist*, Douglas could not succeed in its attempt to do so.

Therefore, Douglas' motion to add an additional affirmative defense is denied.

CONCLUSION

The motion of defendant Douglas Press, Inc. to add an additional affirmative defense is denied.