980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert DOUGALL, Plaintiff/Appellant,
v.
RYDER SYSTEM, INC., and Ryder Distribution Resources, Inc.,
Defendants/Appellees.
 No. 90-2783.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992.*
Decided Dec. 3, 1992.
 
 Before COFFEY, and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Robert Dougall sued his former employer under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. He appeals the district court's denial of his motion for judgment notwithstanding the verdict, or alternatively, for a new trial relating to the ADEA claim. Fed.R.Civ.P. 50(b); 59(a). We affirm.
 
 Background
 
 2
 Dougall filed a lawsuit in the United States District Court for the Western District of Wisconsin in March 1989, claiming that his employer, Ryder System, Inc. ("Ryder"), had fired him because of his age. The district court dismissed Dougall's ERISA claim at the close of Dougall's evidence. The ADEA claim was submitted to a jury.
 
 
 3
 The jury rendered a verdict in favor of Ryder, finding that Dougall's age had not played a determinative role in Dougall's dismissal. Following the adverse jury verdict, Dougall, through his attorney, moved for judgment notwithstanding the verdict or, alternatively, for a new trial. Judge Crabb denied Dougall's motion in an order entered July 13, 1990.
 
 
 4
 On August 1, 1990, Judge Crabb received a personal letter from Dougall, which Dougall had characterized as a "Motion to appeal the decision handed down on the 11th day of July, 1990, and that a new trial be granted for the following reasons." In the letter, which Dougall failed to send to Ryder or its counsel, Dougall alleged for the first time that several of Ryder's witnesses had given perjured testimony at trial. Judge Crabb refused to consider Dougall's letter because doing so would have interfered with the relationship between Dougall and his attorney, and would have constituted an improper ex parte communication. On August 10, 1990, Dougall filed a timely notice of appeal.
 
 Discussion
 
 5
 Dougall contends the district court erred in refusing to set aside the jury verdict rendered in favor of Ryder on his ADEA claim. His brief consists of a smorgasbord of vague allegations of perjury that allegedly transpired during trial.
 
 
 6
 We are unable to consider the merits, if any exist, of Dougall's allegations, because he failed to raise this issue at trial or in a proper post-trial motion and, therefore, waived the opportunity to raise it on appeal. "It is axiomatic that issues and arguments which were not raised before the district court cannot be raised for the first time on appeal." Doyers v. Texaco Ref. & Mktg., Inc., 848 F.2d 809, 811 (7th Cir.1988) (quoting Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 853 (7th Cir.1981)). In his motion for judgment notwithstanding the verdict or, alternatively, for a new trial, Dougall did not allege that Ryder had presented perjured testimony or that the trial had otherwise been tainted by fraud. Instead, Dougall contended that the trial court had erred in allowing Ryder to introduce evidence of Dougall's driving record, in rejecting the testimony of Dougall's expert witness, in excluding agency findings of discrimination, in allowing Dougall's deposition to be used against him as impeachment, and finally, in giving an improper jury instruction.
 
 
 7
 Only in extraordinary circumstances may a party to a civil case present on appeal an issue not preserved in the district court. United States v. Medico Indus., Inc., 784 F.2d 840, 844 (7th Cir.1986). However, the circumstances of this case are not extraordinary. Dougall had ample opportunity to move for relief from final judgment due to fraud. Fed.R.Civ.P. 60(b)(3). Neither Dougall nor his attorney raised the allegation of perjury in the context of a Rule 60 motion. Instead, Dougall moved for judgment notwithstanding the verdict or, alternatively, for a new trial, on grounds that did not include perjury. Since Dougall did not properly move for relief from the judgment under Rule 60(b), we cannot consider his claim. See Ellingsworth v. Chrysler, 665 F.2d 180 (7th Cir.1981) (court refused to consider defendants' contention where defendants failed to bring it to the district court's attention in the context of a Rule 60(b)(1) motion).
 
 
 8
 We cannot construe Dougall's personal letter to Judge Crabb served as a Rule 60(b) motion that would preserve the perjury issue for appeal. First, a copy of Dougall's letter to Judge Crabb was not served on neither Ryder nor its counsel. With few exceptions not relevant here, every written motion must be served on each of the parties. Fed.R.Civ.P. 5(a); Glick v. Koenig, 766 F.2d 265, 269-70 (7th Cir.1985). Accordingly, Judge Crabb properly refused to consider it. See Chief Freight Lines Co. v. Local Union No. 866, 514 F.2d 572, 577 (10th Cir.1975) (court is unable to consider a Rule 60(b) motion unless notice of the motion is given to adverse party); Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1143, at 412 (2d ed. 1987) (court may refuse to consider a motion where party was not served as required by Rule 5(a)).
 
 
 9
 Second, even if we could consider Dougall's letter to Judge Crabb as a Rule 60(b) motion, the letter is not legally sufficient because the allegations that Dougall makes are, at most, vague and conclusory assertions that attack the credibility of several of Ryder's witnesses. "Arguments raised in the District Court in a 'perfunctory and underdeveloped ... manner' are waived on appeal." Kensington Rock Island v. American Eagle Historical Partners, 921 F.2d 122, 124-25 (7th Cir.1990) (quoting National Metalcrafters v. McNeil, 784 F.2d 817, 825 (7th Cir.), cert. denied, Keystone Consol. Indus., Inc. v. Local 449, 479 U.S. 932 (1986)). Clearly, Dougall failed to raise his perjury claims in more than a perfunctory manner. The first page of Dougall's letter merely attacks the credibility of Ryder's witnesses. The second page alleges, without supporting affidavits, that the testimony of two of Ryder's witnesses differed from statements they made to a third party in the hallway of the courthouse where Dougall's trial was being held. Notably, the allegations of perjury that Dougall makes in his letter to Judge Crabb fail to match those that he sets forth in his brief in support of his appeal.
 
 Conclusion
 
 10
 Dougall waived his claim that the jury verdict rendered against him was procured by perjury by failing to raise the issue at trial or in the context of a Rule 60(b) motion. Accordingly, the district court properly denied his motion to set aside the verdict.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, and after receiving appellees' suggestions for affirmance without oral argument, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed by the appellant, the appeal is submitted on the briefs and record