Raymond DeLUCA, Plaintiff,

v.

WINER INDUSTRIES, INC., a Delaware corporation; Joseph Silvestri; Michael Glass and Robert S. Winer, Defendants.

No. 93 C 6535.

United States District Court, N.D. Illinois, Eastern Division.

March 11, 1994.

William J. Harte, Erik D. Gruber, William J. Harte, Ltd., David A. Axelrod, Mark D. Wetterquist, David A. Axelrod & Associates, Chicago, IL, for plaintiff.

Robert D. Hamilton, Edward W. Feldman, Susan H. Rosenberg, Miller, Shakman, Hamilton, Kurtzon & Shlifke, Chicago, IL, for defendants.

### *MEMORANDUM OPINION AND ORDER*

CONLON, District Judge.

Plaintiff Raymond DeLuca ("DeLuca") brought a three-count complaint against defendants Winer Industries, Inc. ("Winer Industries") and Joseph Silvestri, Michael Glass and Robert S. Winer (collectively "the individual defendants") for discrimination and termination due to his multiple sclerosis. Pursuant to this court's previous decisions, Counts II and III, DeLuca's pendant state law claims, have been dismissed entirely; Count I, DeLuca's claim under the Americans With Disabilities Act ("the ADA"), 42 U.S.C. §§ 12111–12117, remains only as against Winer Industries. *See* Memorandum Opinion and Order, 93 C 6535, 1994 WL 22322 (N.D.Ill. Jan 21, 1994); Memorandum Opinion and Order, 93 C 6535, 1994 WL

63221 (N.D.Ill. Feb. 16, 1994). DeLuca moves for leave to amend Count I of his complaint to reinstate a claim against the individual defendants pursuant to Fed. R.Civ.P. 15(a).

### BACKGROUND

This court dismissed Count I of DeLuca's complaint against the individual defendants because the complaint did not include sufficient allegations to state a claim that the individual defendants are "employers" under the ADA. Memorandum Opinion and Order, 93 C 6535, 1994 WL 22322 (N.D.Ill. Jan. 21, 1994). DeLuca proposes an amended Count I in which he attempts to state a claim against the individual defendants.

■ At issue is whether supervisory employees may be individually liable for discrimination under the ADA. The ADA defines "employer" as:

a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, *and any agent of such person* . . .

42 U.S.C. § 12111(5)(A) (1993) (emphasis added). Although it has not directly addressed whether supervisory or management level officers are "employers" within the meaning of the ADA, the Seventh Circuit has upheld personal liability against decisionmaking supervisors in ADEA and Title VII cases.[1] *See, e.g., Price v. Marshall Erdman & Assoc., Inc.,* 966 F.2d 320, 324 (7th Cir. 1992) (ADEA case); *Gaddy v. Abex Corp.,* 884 F.2d 312, 318–19 (7th Cir.1989) (Title VII case); *see also Koenig v. Board of Educ. of Elementary School District 102,* No. 93 C 2568, 1993 WL 532472, at *2 (N.D.Ill. Dec. 21, 1993) (Holderman, J.) (concluding that supervisors may be sued under the ADEA based on the *Price* decision).

The majority of recent district court decisions have concluded that there is no general claim for individual liability for discrimination authorized by Title VII, the ADA or the ADEA. *See, e.g., Hamilton v. City of Chica-*

go, No. 93 C 3342, 1993 WL 535351, at *3 (N.D.Ill. Dec. 17, 1993) (Marovich, J.); *Finley v. Rodman & Renshaw, Inc.,* No. 93 C 5504, 1993 WL 512608, at *1–2 (N.D.Ill. Dec. 8, 1993) (Leinenweber, J.); *Mobley v. Kelly Kean Nissan, Inc.,* No. 93 C 2625, 1993 WL 356924, at *4 (N.D.Ill. Sept. 9, 1993) (Aspen, J.); *Pelech v. Klaff–Joss, LP,* 828 F.Supp. 525, 529 (N.D.Ill.1993) (Aspen, J.); *Pommier v. James L. Edelstein Enterprises,* 816 F.Supp. 476, 480–81 (N.D.Ill.1993) (Aspen, J.); *Hangebrauck v. Deloitte & Touche,* No. 92 C 3328, 1992 WL 348743, at *3 (N.D.Ill. Nov. 9, 1992) (Duff, J.); *Zakutansky v. Bionetics Corp.,* 806 F.Supp. 1362, 1365 (N.D.Ill. 1992) (Shadur, J.); *Weiss v. Coca–Cola Bottling Co.,* 772 F.Supp. 407, 410–11 (N.D.Ill. 1991) (Duff, J.).

However, there are two lines of cases that have allowed personal liability claims against supervisors. First, Chief Judge Moran has allowed claims of personal liability against decisionmaking employees. *Raiser v. O'Shaughnessy,* 830 F.Supp. 1134, 1137 (N.D.Ill.1993); *Strzelecki v. Schwarz Paper Co.,* 824 F.Supp. 821, 829 (N.D.Ill.1993); *Vakharia v. Swedish Covenant Hosp.,* 824 F.Supp. 769, 784–86 (N.D.Ill.1993); *see also Williams–Guice v. Board of Educ. of the City of Chicago,* No. 92 C 7904, 1994 WL 30584, at *6 (N.D.Ill. Feb. 2, 1994) (Kocoras, J.); *Isaacson v. Keck, Mahin & Cate,* No. 92 C 3105, 1993 WL 68079, at *3–4 (N.D.Ill. Mar. 10, 1993) (Leinenweber, J.). However, Chief Judge Moran has cautioned that personal liability must be based on individual acts distinct from institutional policy set by the employer, explaining:

When a manager at a company terminates an employee on account of that employee's race or age, the company is liable, as is the manager, unless the manager's decision was mandated by company policy set by someone else.

*Vakharia,* 824 F.Supp. at 785. Chief Judge Moran's conclusion is based on "the broad remedial purposes of the ADEA and Title VII, which were intended to provide all 'necessary relief' and to ensure 'complete justice.'" *Id.* at 786 (citation omitted). Simi-

---

**1.** The ADA's definition of employer mirrors the definition in Title VII, 42 U.S.C. § 2000e(b), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b).

larly, Magistrate Judge Guzman has allowed a claim for personal liability in an ADA case, holding that "[a]bsent a clear and express statutory directive to the contrary, this court does not believe that the remedial purposes of the ADA were intended to relieve from personal liability those supervisory employees committing discriminatory acts". *EEOC v. AIC Security Investigations, Ltd.,* No. 92 C 7330, 1993 WL 427454, at *9 (N.D.Ill. Oct. 21, 1993).

Second, this court has held that a supervisor may be liable when he *is* the employer. *Janopoulos v. Harvey L. Walner & Assocs., Ltd.,* 835 F.Supp. 459, 461 (N.D.Ill.1993) (the name lawyer in a professional corporation consisting only of that lawyer and a number of associates was really the *alter ego* of the professional corporation); *Ruich v. Ruff, Weidenaar & Reidy, Ltd.,* 837 F.Supp. 881, 883–84 (N.D.Ill.1993) (a partner in a law firm was an employer).

In his original complaint, DeLuca alleged only that Silvestri, Glass and Winer were his supervisors. DeLuca did not allege that the individual defendants were decisionmaking employees or that the individual defendants were actually the employers themselves. DeLuca made no specific allegations about the individual defendants' role in discriminating against him or terminating him. Since DeLuca's allegations were not in accord with either line of cases allowing claims of personal liability for supervisors, the court concluded that Count I must be dismissed as against the individual defendants.

### DISCUSSION

Fed.R.Civ.P. 15(a) directs that leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has stated that leave to amend should be granted under Rule 15(a) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Ferguson v. Roberts,* 11 F.3d 696, 706 (7th Cir.1993). The individual defendants contend that DeLuca's motion to file his proposed amended complaint should be denied because the amended complaint would be futile and because DeLuca has engaged in undue delay in bringing his motion and the individual defendants would be unduly prejudiced by granting DeLuca's motion.

First, the individual defendants argue that allowing DeLuca's proposed amended complaint is futile because the proposed amended complaint would not withstand a motion to dismiss. A court is justified in denying a motion to amend when the proposed amendment could not withstand a motion to dismiss. *See, e.g., Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir.1991); *Glick v. Koenig,* 766 F.2d 265 (7th Cir.1985); *AM Int'l v. Graphic Management Assoc., Inc.,* 836 F.Supp. 487, 491 (N.D.Ill.1993). However, DeLuca's proposed amended complaint would withstand a motion to dismiss. In his proposed amended complaint, DeLuca alleges that each of the individual defendants was a decisionmaking supervisor who was involved in the decision to terminate DeLuca. Proposed Amended Complaint ¶¶ 5–7, 13. Thus, DeLuca's proposed amended complaint comports with the line of cases allowing claims for decisionmaking supervisory employees' individual liability for discrimination.

Second, the individual defendants' argue that DeLuca's motion is untimely and would cause them undue prejudice. This court dismissed Count I against the individual defendants on January 21, 1994. DeLuca did not bring this motion for leave to file an amended complaint until March 8, 1994, the day fact discovery closed. DeLuca should have filed his motion sooner. However, granting DeLuca's motion would not unduly prejudice the individual defendants if the fact discovery deadline is extended for the limited purpose of completing discovery on the additional claims. DeLuca's proposed amended complaint would not inject radically new issues or witnesses into the case. Even after the individual defendants were dismissed as defendants, the ADA claim against Winer Industries likely involved discovery related to the individual defendants, because the individual defendants were DeLuca's supervisors.

## CONCLUSION

Plaintiff DeLuca's motion for leave to amend his complaint is granted. The fact discovery deadline is extended to April 12, 1994 for the limited purpose of completing discovery on the ADA claim against the individual defendants.